## CHARLES W. SELINAS *v.* THE VERMONT STATE AGRICULTURAL SOCIETY AND ANOTHER.

*Agricultural Society, Duty of in Respect to Persons Attending Exhibition.    Negligence.*

1.  It is the duty of an agricultural society to render the place, where it holds a public exhibition, reasonably safe to all persons lawfully in attendance.

2.  It is a question of fact for the jury, whether an agricultural society is guilty of negligence in suffering during its exhibition a striking machine to be used on its grounds, with no guard around it, whereby the plaintiff was injured by a person, not an officer or a servant of the society, in the act of swinging a mallet to strike the machine, although the defendant had made a motion for a verdict on the plaintiff's testimony.

3.  This is not a case of *ultra vires*, although the machine was not placed there by the defendants and its use was foreign to the purposes of their organization; and there was no evidence that they had any interest in it, or that it was there by their permission or knowledge; but it was for the jury to decide, if it were not assumed that the machine was there by license, whether it had been so long upon the grounds that the defendants ought, in the exercise of reasonable care, to have known of its presence, and also whether it was dangerous.

4.  It was also for the jury to decide, whether the plaintiff's conduct was prudent or whether he was guilty of contributory negligence.

ACTION on the case for negligence.    Trial by jury, September Term, 1886, Washington County, POWERS, J., presiding. Verdict and judgment for the plaintiff to recover $725.

The plaintiff testified in part:   That he attended the State Agricultural fair in September, 1884,—a joint exhibition by the State Agricultural Society and the Champlain Valley Association; that at the time of the accident he was looking for the superintendent to hire a piece of ground to sell whips on.

"I had business with another gentleman, looking after Mr.

Hammond, and he and I proposed that we should look for Mr. Hammond and try our luck again. He was to take the same course we had taken before and I was to go through Floral Hall; after I parted with him, on my way to Floral Hall I was struck by a man and he broke my leg."

Q. State by what you were struck? A. I was struck by a mallet of some kind.

Q. Describe how you happened to be struck? A. I was going to Floral Hall looking for Mr. Hammond, as he was described to me. About every gentleman I saw, I was looking attentively to see if it was Mr. Hammond, and, walking slowly by, the first thing I knew I was knocked from my feet.

Q. How? A. By some one swinging a beetle. I did not see exactly how it was done. All I knew I was struck with the beetle and knocked on my back.

*Hard & Cushman* and *Heath & Willard*, for the defendants.

These defendants are two distinct corporations existing under separate legislative enactments, with limited and specially defined powers and functions.

It is sought in this action to charge the defendants for an injury to the plaintiff through the joint misconduct and negligence of the defendants in their corporate capacities.

Upon the case made before the jury by the plaintiff, the defendants insist that a verdict in their favor should have been directed. Even if the machine had been placed there by the defendants, and they had authorized its use in the ordinary way of using such a contrivance, this alone would not have been sufficient to render them responsible for injuries accidentally resulting from such use; for there was nothing in the kind or character of the machine which rendered it at all dangerous, nor was the use of it likely to produce injury to any one exercising ordinary care for his own safety. As well might the managers of the fair be held responsible for accidents resulting from the operation of machinery on exhibition.

There was no corporate action respecting the striking

machine; no testimony was introduced tending to show any instructions to defendants' agents or servants to do anything in excess of their proper corporate power; none to show a ratification by defendants of any unwarranted acts or neglects of their agents; none to show that the defendants derived, or expected to derive, any benefit from the presence of the machine, nor that they in any manner recognized the machine or its use as any part of the exhibition.

To preclude the defendants from the right to insist upon the point of *ultra vires* in this case " it is necessary that it should appear that they have in a clear and explicit manner recognized the act as done in their business." Green, Bri. *Ultra Vires*, 364; Boone Corp. s. 84; *Hutchinson* v. *R. R. Co.* 6 Heisk. 634.

It is true, as a rule, that as the corporation is created for a particular purpose only, and endowed with powers to accomplish that purpose, nothing can be done by it, or in its name, that is not within the intent of its. charter. It must indeed act through agents and officers; but if these undertake to do what the corporation is not empowered to do, their action can not impose a liability upon the corporation. Cooley, Torts, 119.

So far as the testimony shows, or tends to show, the man, whoever he was, who swung the beetle against the plaintiff's leg, was a mere uninvited intruder, prompted solely by his own curiosity and meddlesomeness.

To entitle the plaintiff to recover it must appear affirmatively that he was in the exercise of at least ordinary care; and it affirmatively appears that he was exercising no care.

Conceding (what is not clear) that the plaintiff was lawfully upon the fair grounds upon the occasion in question, from his own testimony it affirmatively appears that he was not there for any purpose within the legitimate scope of the corporate powers and duties of the defendants, but was there solely on a whip speculation, in no way connected with the proper objects of the fair.

*Pitkin & Huse* and *T. R. Gordon*, for the plaintiff.

Corporations are liable for their negligent torts, and for the negligence of their officers and servants acting in the course of their official duty or employment, in the same manner and to the same extent that individuals are liable under the same circumstances. Mor. Cor. (2d ed.) ss. 725–734; Boone, Cor. s. 84.

The defendants, holding an exhibition or fair, were bound to use such care and prudence as prudent men in the exercise of prudence might use under the same circumstances, to have and keep the place provided for the exhibition or fair in a safe condition for those lawfully attending.

If they, their officers or servants, permitted to be used at that time and place a machine dangerous to be then and there used without some reasonable guard or precaution to forewarn of danger, and did not provide such guard or take such precaution, it was a breach of duty, or negligence, on their part; and if the plaintiff, without fault on his part, thereby received an injury, he was entitled to recover. *Lax* v. *Darlington*, 31 Eng. Rep. p. 543.

That such a machine, permitted so to be used, was, at the time the injury was received, being operated by a person not shown to be an officer or servant of the defendants, does not affect the plaintiff's right to recover. It is no defence or excuse that the negligence of another or third person concurred or contributed in producing the injury. 4 Wait, Act. & Def. 719. See Wart. Neg. s. 145.

The plaintiff was not chargeable with contributory negligence for not anticipating that the defendants would violate the law imposing upon them the duty of making due provision for the safety of those attending the exhibition or fair, and for not guarding against such possible violation. Thomp. Neg. p. 1172, s. 18.

Even when there is no conflict in the evidence questions of negligence and of contributory negligence are mixed questions of law and fact, to be submitted to the jury, if they involve

the judgment of the trier as to the bearing which facts and circumstances as matters of fact, and not merely as matter of law, have upon each other. *Vinton* v. *Schwab*, 32 Vt. 612; *Whitcomb* v. *Denio*, 52 Vt. 382; *Drew* v. *Sutton*, 55 Vt. 586; *Fassett* v. *Roxbury*, 55 Vt. 552.

The opinion of the court was delivered by

TYLER, J. The plaintiff's evidence, upon which he rested his case, and upon which the defendants requested the court to direct a verdict in their favor, tended to show that the defendants, on September 8, 1884, and on the four succeeding days, held a joint agricultural and mechanical exhibition in Howard Park, in Burlington; that the plaintiff paid his entrance fee on the first day of the exhibition and was rightfully upon the grounds; that there was placed upon the grounds, about ten rods from the superintendent's tent, and in nearly a direct line between the tent and Floral Hall, a striking machine, consisting of a box from two and a half to three feet long, a foot and a half high, and about sixteen inches wide, and so contrived that a person striking with a mallet, weighing eight or ten pounds, could test his strength by means of a pointer or indicator arranged in the box; that the plaintiff was passing along by the usual route from the superintendent's tent towards Floral Hall, and when near the machine, and not observing it, some person suddenly took up the mallet, and in swinging it to strike a blow hit the plaintiff and broke his leg. It appeared that the accident occurred between two and three o'clock in the afternoon; that the machine was seen at that place by plaintiff's witnesses as early as twelve o'clock; and one witness was confident he saw it there between eight and nine o'clock in the morning.

The question presented by the plaintiff's evidence was whether or not the defendants were guilty of negligence in suffering this machine, with no guard around it, to remain upon the grounds at this place and at a time when visitors were

constantly passing and re-passing it. The court was requested to hold, as matter of law, that they were not.

Corporations are liable for their negligent torts, and for the negligence of their officers and servants acting in the course of their official duty or employment, in the same manner and to the same extent that individuals are liable under the same circumstances. Mor. on Cor. (2d ed.) ss. 725, 734; Boone on Cor. s. 84.

As the defendants were holding a public exhibition in this park, and inviting visitors thereto, it was their duty to render it a reasonably safe place for all persons who might lawfully be there in attendance.

It was claimed in argument by defendants' counsel that as the machine was not placed there by the defendants, and its use was foreign to the purposes for which these societies were organized, it was a case of *ultra vires*, unless the defendants recognized the act as done in their business; that there was no evidence that defendants had any interest in the machine, or that it was there by their permission, or that it was being used with their knowledge. There was evidence, however, that it was one of a kind of machines commonly exhibited at public gatherings of this kind, and that there were two or three of them on the grounds at this exhibition and in about the same locality. The court could not assume, as matter of law, that these machines, as well as the peddlers' stands, victualing tents and places of amusement were not there by the defendants' permission. If it were not to be assumed that the machine was there by license, it was a question of fact whether it had been so long upon the ground that the defendants ought, in the exercise of reasonable care, to have known of its presence. Whether it was dangerous or not depended upon its construction and the manner in which it was used. These were questions of fact, or at least mixed questions of law and fact, which could not properly have been decided by the court.

A remark made by REDFIELD, Ch. J., in *Vinton* v. *Schwab*,

32 Vt. 614, is applicable to this case : " But when there is no conflict in the testimony in regard to the particular facts, that will not always make it a mere question of law which the court may determine. If it still rests upon discretion, experience and judgment, it is matter of fact and not of law merely." It was said by Ross, J., in *Whitcomb* v. *Denio*, 52 Vt. 382 : " Whatever may be the rule in other states in regard to its being the duty of the court, when the facts are undisputed, to determine as a matter of law, whether a thing has been done within a reasonable time, or with reasonable care, diligence, or prudence, or to determine any other fact which involves the judgment of the trier upon an existing state of facts and circumstances, it has been the almost universal practice in this State, from the earliest recollection of the oldest members of the court and bar, to submit such question to the determination of the jury." *Fassett* v. *Roxbury*, 55 Vt. 555. The only departure from this practice was in the often quoted case of *Briggs* v. *Taylor*, 28 Vt. 180.

A case in point, as illustrative of the one under consideration, is *Lax* v. *Corporation of Darlington*, 31 Eng. Rep. 543, cited in plaintiff's brief. In that case the defendants were owners of a cattle market, and in the market-place they had erected a statue, around which they had placed a railing as a a fence. The plaintiffs attended the market with their cattle and occupied a particular site, for which they paid a toll. A cow belonging to them, in attempting to jump the railing, injured herself and died from the injuries. The jury found that the railing was dangerous. The court held that the defendants, having received toll from the plaintiffs and invited them to the market with their cattle, were in duty bound to keep the market in a safe condition ; and that an action would lie for the plaintiffs' loss.

It is insisted by defendants' counsel that, to entitle the plaintiff to recover, it must appear affirmatively that he was in the exercise of at least ordinary care for his own protection ; and that it did affirmatively appear that he was exercising no

care at all, but on the contrary, was guilty of gross negligence.

To enable the plaintiff to make out a case it was incumbent on him to show that the defendants were negligent in regard to this machine, and that no want of care on his part contributed to the happening of the accident. Not that he could testify, or that witnesses could testify, in his behalf that he was in the exercise of due care ; but the burden was on him to produce such a state of the evidence as would enable the trier of the fact to say that the defendants were negligent and that his own conduct was prudent. *Walker* v. *Westfield*, 39 Vt. 246 ; *Bovee* v. *Danville*, 53 Vt. 183.

The plaintiff's evidence shows the manner in which he was walking past this machine, not knowing of its existence. Whether he was in the exercise of that degree of care which the law requires, or whether he was guilty of contributory negligence, was a question of fact for the jury under proper instructions from the court. *Hill* v. *New Haven*, 37 Vt. 501.

The judgment of the County Court affirmed.