ERNA T. WOOL *v.* ARTHUR L. LARNER ET AL.

February Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 5, 1942.

432

*Robert M. Rosenberg, A. Pearley Feen* and *Louis Lisman* for plaintiff.

*M. G. Leary, M. G. Leary, Jr.* and *Bernard J. Leddy* for defendants.

STURTEVANT, J. In this action the plaintiff, Erna T. Wool, seeks to recover for injuries alleged to have resulted to her solely from the defendants' negligence. The plaintiff claims to have received these injuries when, without fault on her part, she fell into a so called coal hole upon premises of the defendants, Arthur L. Larner, Anna K. Larner and William E. McBride.

At the close of the plaintiff's case the defendants moved for a directed verdict in their favor upon grounds which may be summarized as follows:

1. The evidence viewed in the light most favorable to the plaintiff fails to show any actionable negligence by the defendants or that they failed in the performance of any duty owed to the plaintiff.

2. The plaintiff assumed the risk.

3. The plaintiff was guilty of contributory negligence as a matter of law.

The court denied the motion upon the grounds as stated in numbers 2 and 3 and ruled that as to each of these there was a question for the jury. However the court granted the motion upon the grounds stated in number 1 and the plaintiff brings the case here upon exceptions saved to this action of the court. In her brief the plaintiff claims nothing from her exceptions as applied to the defendant McBride and states that the word "defendants" as therein used refers only to the defendants Larner and therefore we so limit the meaning of that term herein unless otherwise indicated.

There was little or no dispute as to the material facts shown by the evidence. Viewed in the light most favorable to the plaintiff the jury could reasonably have found the following facts.

The defendants own two adjoining pieces of real estate known as numbers 155 and 157 located on the southerly side of Cherry Street in the city of Burlington. They rented the building at No. 155 to one McBride who occupies the first floor front as a store and sub-lets the tenement up stairs to one McNalley. The building at No. 157 contains two tenements and these are rented to other tenants. There is a driveway about ten feet wide between the two buildings which was not included in any of the leases but is kept in the control of the defendants. When McBride first rented the building at No. 155 the tenement up stairs could be reached by either going southerly from Cherry street along the driveway to a door toward the rear of the building thence into a hallway from which a flight of stairs leads to the apartment, or entrance to the hallway might be had through the store. Soon after McBride rented the building he exercised his right to close the store entrance to the hallway so that at all times here material the only entrance to the McNalley apartment was southerly from Cherry street along the driveway to the above mentioned door toward the rear of the building.

This driveway was used by other tenants to some extent as a parking place for cars and for other purposes and it was also used as a way of access to other buildings located southerly of those before mentioned. The defendants intended that this driveway should be used by the tenants of both buildings.

After acquiring these two properties the defendants put a cement surface on the driveway and at the same time built in

two coal holes, one for use in connection with each of the buildings. The hole in the westerly side of the driveway was adjacent to a cellar window in the easterly wall of the building at No. 155 and was about 20 feet southerly from the northeast corner of the wall. This hole extends easterly from the wall into the driveway 1 foot 2 inches, is about 2½ feet long from north to south and about 2 feet 2 inches deep. A similar hole is located nearly opposite this one adjacent to the wall on the westerly side of the building at No. 157 and the distance between the two holes measured on the surface of the driveway is about 7½ feet. The only guard about the holes is a border two or three inches high and about 4 inches wide.

On the evening of May 15, 1937, the plaintiff and one of her friends, a Mrs. Allen, attended an entertainment at a public hall in the city. It had been arranged that Mrs. Allen's husband would call for them and drive them home in his car after he finished work which was shortly after twelve o'clock, midnight. Mrs. McNalley and her mother met the other ladies at the entertainment, learned their plans for going home and as the entertainment was to be over before eleven P. M., Mrs. McNalley invited the plaintiff and Mrs. Allen to come to her apartment and wait there for Mr. Allen. It was also planned that Mr. Allen would take Mrs. McNalley's mother to a place where she wished to go in the vicinity of the Allen home.

Mrs. McNalley and her mother left the hall first and about ten minutes later the plaintiff and Mrs. Allen left for the McNalley apartment. They reached No. 155 Cherry street at about eleven P. M. The entrance was dark and the plaintiff was not familiar with it. She turned into the driveway close to the building and felt her way along to be sure where she was going ''—walked along a little ways and—just fell stumbled or something into this hole,'' meaning the so called coal hole adjacent to the easterly wall of the building at No. 155. This suit is brought to recover for injuries alleged to have been received in that fall.

In *Coburn* v. *Village of Swanton,* 95 Vt. 320, at page 326, 115 Atl. 153 at page 156, in considering the duty owed by the owner of certain premises to one there for the purpose of taking food to the owner's workman this Court at page 326 stated: ''From what has been said, it is evident that invitation in the

technical sense, from which the duty of active care arises, differs from invitation in the ordinary sense, implying the relation of host and guest, or a mere license.''

In order to avoid confusion in the use of the terms ''invitee'' and ''invitee in the technical sense'' in this opinion we adopt the following definitions from the Restatement of Torts.

 Sec. 330. A licensee is a person who is privileged to enter or remain upon land by virtue of the possessor's consent, whether given by invitation or permission.

 Sec. 331. A gratuitous licensee is any licensee other than a business visitor as defined in sec. 332. This includes social guests.

 Sec. 332. A business visitor is one who is invited or permitted to enter or remain on land in the possession of another for a purpose directly or indirectly connected with business dealings between them.

Both the plaintiff and the defendant have briefed the question whether the plaintiff was a business visitor or a gratuitous licensee of the tenant McNalley. But whether she was one or the other is not material here. No question is made that she was passing along the driveway for the purpose of entering the McNalley apartment in response to Mrs. McNalley's invitation at the time she fell into the coal hole. She was, therefore, rightfully and lawfully in the driveway using it for a purpose for which it was maintained by the defendants, and for which they must be taken to have expected it would be used.

 It is well settled that if a landlord while renting premises retains portions thereof under his control, as was done in the case at bar, the responsibility for injuries to persons rightfully there is his and not the tenant's. He is liable not in his character as lessor but as owner and occupant. He owes a duty to his tenants and those on the premises at their invitation for any lawful purpose to keep such undemised parts reasonably safe. *Beaulac* v. *Robie and Slayton,* 92 Vt. 27, 33, 102 Atl. 88; 32 Am. Jur. 561, sec. 688 et seq.; Tiffany, Landlord and Tenant, Vol. 1, 664, sec. 98; Restatement of Torts, sec. 360 comment e, page 979; also same Vol. sec. 332, comment h; *Readman* v. *Conway,* 126 Mass. 374; *Coupe* v. *Platt,* 172 Mass. 458, 52 N. E. 526, 70 Am. St. Rep. 293; *Shoniger Co.* v. *Mann,* 219 Ill. 242, 76 N. E. 354, 3

L. R. A., N. S., 1097; 3 Sherman & Redfield on Negligence, sec. 710; also see *Bottum's Admr.* v. *Hawks,* 84 Vt. 370, 384, 79 Atl. 858, 35 L. R. A., N. S., 440, Ann. Cas. 1913A, 1025.

The renting of the building at No. 155 to McBride included the use of this driveway as an entrance to the McNalley apartment though it remained in the control of the defendants. Such use of the driveway was something for which they were receiving pay.

It is true as contended by the defendants that liability in cases of this kind turns on the presence or absence of an invitation on the part of the owner. A gratuitous licensee (bare licensee) or a mere trespasser enters for purposes of his own; he acts for his own benefit and convenience and the owner gains nothing. But if invited, one enters not alone from motives of his own uncontributed to by act of the owner, but is induced, in some measure, by conduct of the owner. The owner, in contemplation of law gains something from the arrangement, though his advantage need not be a pecuniary one. The invitation carries with it some measure of assurance of safety, which the owner must make good, by the exercise of active care if necessary. Without an invitation express or implied, no duty of active care arises. But such invitation is implied whenever, as in the case at bar, one makes such use of another's premises or something found thereon as the owner intends he shall, or such as he is reasonably justified in understanding the owner intended. *Bottum's Admr.* v. *Hawks,* 84 Vt. 370, 384, 79 Atl. 858, 35 L. R. A., N. S., 440, Ann. Cas. 1913A, 1025; and authorities there cited. Also see Rest. Torts, secs. 332 comment h and 360 comment e.

Therefore at the time in question the plaintiff was in the driveway on the implied invitation of the defendants and so as to them she was an invitee or a business visitor as we are here using that term.

The defendants have cited several cases in support of their contention that they owed no duty to the plaintiff at the time and place in question. However those cases are not in point here because in none of them was the plaintiff found to be a business visitor of the defendant as we have seen to be true in the case at bar.

The defendants contend that it is a general principle of the common law that a landlord is under no duty to light hallways etc. kept in his control for the use of his tenants unless he has contracted to do so. But whatever may be the general rule as to this matter is not material here. In the case at bar the driveway maintained by the defendants as an entrance way to the McNalley apartment contained two holes or pits. If the manner in which this entrance was constructed and maintained required that it be lighted in order to be reasonably safe for those rightfully using it then it was the duty of the defendants to so light it. 32 Am. Jur. 576, sec. 701; *Roth* v. *Protos*, 120 N. J. L. 502, 1 Atl. 2nd 10; *Gordon* v. *Cummings et al.*, 152 Mass. 513, 25 N. E. 978, 980, 9 L. R. A. 640, 23 Am. St. Rep. 846; *Marwedel* v. *Cook et al.*, 154 Mass. 235, 28 N. E. 140; *Brugher* v. *Buchtenkirch*, 29 App. Div. 342, 51 N. Y. S. 464, 465.

The defendants have briefed the questions as to the assumption of risks and contributory negligence by the plaintiff. The record shows that they saved no exceptions to the court's rulings on these matters and therefore these questions are not before us.

*The result is that as to the defendant McBride the judgment is affirmed. As to the defendants Larner judgment is reversed and cause remanded.*