**Frances Lomberg v. Edward Renner et al**

[157 A.2d 222]

May Term, 1959

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed September 1, 1959

Reargument Denied January 5, 1960

312

*Richard E. Davis* and *John P. Morrissey* for the plaintiff.

*Ryan, Smith & Carbine* for the defendants.

**Smith, J.** In this action the plaintiff, Frances Lomberg, seeks to recover damages for injuries alleged to have been sustained by her while a social guest at the home of the defendants. The plaintiff, Frances Lomberg, claims to have received these injuries when, without fault on her part, she fell down a cellar stairway located inside the premises owned and occupied by the defendants in this action.

At the close of all the evidence in the plaintiff's case the defendants moved the court to direct a verdict in their favor upon grounds which may be summarized as follows:

1. The evidence, viewed in the light most favorable to the plaintiff disclosed that Mrs. Lomberg was a social guest, or gratuitous licensee, on the premises of the defendants at the time of her injury, and that there was no duty on the part of the defendants to the plaintiff to warn her of any dangerous condition that might have existed on the defendant's premises, nor was there any duty on their part to make the premises reasonably safe for the plaintiff.

2. That if the defendants did owe any duty to the plaintiff that the plaintiff was guilty of contributory negligence as a matter of law.

The trial court granted the motions of the defendants on each of the grounds above stated, and directed a verdict for the defendants. The plaintiff brings the case here upon her exceptions to the directed verdict and to the action of the trial court in granting the motion.

Viewed in the light most favorable to the plaintiff the jury could reasonably have found the following facts.

Both the plaintiff and the defendants are residents of Sandgate, Vermont and have been for some time in the past. The parties have been on a friendly basis for some seven or eight years prior to the date of this accident. The defendants often visited the plaintiff and would enter her house frequently by the kitchen or back door, without knocking. The plaintiff had also visited the defendants in the past, entering their house by the front door.

The house in which the accident occurred was a new home, built by the defendants, which had been under construction since about 1955. This house had never been visited by the plaintiff until the date of this accident.

The new house of the defendants is located on the west side of a highway that runs in a northerly-southerly direction. There is a doorway into the house on the side fronting the highway, and there is another, or side door, on the northerly side of the house. This side door enters directly into the living room of the house, and the door opens to the left of a person entering from the outside. At the right of a person entering the house by this door is a flight of stairs descending into the basement of the house.

The edge of the top tread of this stairway is just five inches to the right of the inside of the doorway and there is no guard rail, door or other protective device at the top of this cellar stairway. The stairway descends to the basement, a distance of six feet, ten and one-half inches, by means of ten steps or treads.

The plaintiff, Mrs. Lomberg, telephoned to the defendant, Mrs. Renner, either on the day of the accident or on the day before, to tell her that she would call on her to see the new home. She stated that she would call "after dinner." Dinner time in Sandgate comes at noon and was so understood by both ladies.

The plaintiff was driven to the home of the defendants by a Miss Sarry and arrived there a little after 2 P. M. on August 21, 1957. At that time both the front and side doors were closed,

but not locked. Mrs. Lomberg made no attempt to enter the house by the front door but passed it and went to the side door. She picked up a slip of paper that was under the door and, without knocking, entered the side door. Through a window in this door she could see into the interior before entering and described it as "well lighted, but dim."

Upon entering the house she turned to close the door and fell down the basement stairway previously described. During this time the defendant, Mrs. Renner, was engaged in mowing the lawn and had no knowledge that Mrs. Lomberg was on her premises. She first saw the plaintiff when, in response to the excitement of her dogs, she entered her house and found Mrs. Lomberg, lying injured, at the foot of the basement stairs.

It was conceded by all parties to this action that Mrs. Lomberg was a social guest, or gratuitous licensee, on the premises of the defendants at the time of her ill-fated visit.

This Court in *Wool* v. *Larner*, 112 Vt. 431, at pages 434 and 435, 26 A.2d 89, 92, stated that in order to avoid confusion in the use of the terms "invitee" and "invitee in the technical sense" the court adopted the following definitions from the Restatement of Torts:

> "Sec. 330. A licensee is a person who is privileged to enter or remain upon land by virtue of the possessor's consent, whether given by invitation or permission.
> "Sec. 331. A gratuitous licensee is any licensee other than a business visitor as defined in Sec. 332. This includes social guests.
> "Sec. 332. A business visitor is one who is invited or permitted to enter or remain on land in the possession of another for a purpose directly or indirectly connected with business dealings between them."

This Court was presented with the question in *Wool* v. *Larner* whether the plaintiff in that cause was a gratuitous licensee or a business visitor. Holding that the plaintiff was a business visitor, the Court had no occasion to define the duties of a host towards a social guest.

In the case of *Watterlund* v. *Billings*, 112 Vt. 256, 260, 23 A.2d 540, 542, the plaintiff was a licensee, but not a social

guest upon the premises of the defendant. The Court used the following language to set forth the duty of an owner or occupier of the premises towards a bare licensee. "While they were not bound to keep the premises safe for her, or to warn her of their dangerous condition, they owed her the duty of active care to protect her from injuries from force negligently brought to bear upon her." And, in the earlier case of *Lucas* v. *Kelly*, 102 Vt. 183, 147 A. 281, in which the plaintiff had been held to be a licensee on the defendant's premises, but not a social guest, the same doctrine was set forth.

The case at hand, however, is the first one presented to this Court in which the issue of the duties of an owner or occupier of premises to a social guest injured upon his property has been squarely presented.

■■ A guest, entering upon the premises of the host, assumes, during the period of his visit, the same relationship toward the conditions existing on the premises as would a member of the family. He must accept the conditions ordinarily prevalent in his host's home without cavil or complaint. 25 A. L. R. 2d 600. And there is no duty on the part of the host to reconstruct or improve the premises for the purpose of making his house more convenient, or more safe, for the guest accepting his hospitality. *Comeau* v. *Comeau*, 285 Mass. 578, 189 N. E. 588, 92 A. L. R. 1002.

■ A guest can recover where his injury is the result of active and affirmative negligence of the host while the guest was known to be on the premises. *Watterlund* v. *Billings*, *supra*. The guest may recover, too, if there is such a hidden defect on the property that it amounts to a trap or pitfall, and which the host has not removed, or warned the guest about. *Gudwin* v. *Gudwin*, 14 Conn. Sup. 147, 25 A. L. R. 2d 602. Where, however, the owner or occupant has no knowledge of the presence of the guest, or gratuitous licensee, on the premises, his only duty is not to do any wilful or wanton act to injure him. *Boneau* v. *Swift & Co.*, Mo. App., 66 S. W. 2d 172; 65 C. J. S., Negligence, §36, p. 502.

■ There is no claim in the case before us that the plaintiff received her injuries through any active or affirmative

negligence on the part of the defendants. The facts of the case, in the light most favorable to the plaintiff, disclose that she was injured by reason of her falling down a cellar stairway, which stairway was an integral part of the house as constructed. The evidence also discloses that the plaintiff did not notify the defendants that she had arrived on the premises, and in fact, the defendants did not know that the plaintiff was upon the premises until after the injury had been received. The time and date of the proposed arrival of the plaintiff on the premises was indefinite. There was no duty upon the defendants under these circumstances to make an active effort to discover the plaintiff's presence. *Terra Haute, I. & E. Traction Co.* v. *Sanders*, 80 Ind. App. 16, 136 N. E. 54. See 65 C. J. S. 502.

In the absence of knowledge of the guest entering upon, or being upon her premises, the hostess was without opportunity to warn the plaintiff of any hidden defect upon the premises if, indeed, one did exist.

The ruling of the lower court that there was no duty owed by these defendants to this plaintiff under the facts in this case was correct, and its direction of a verdict for the defendants as a matter of law on this ground must be sustained.

Under this ruling it is unnecessary for us to consider the exceptions of the plaintiff to the ruling of the trial court relative to the contributory negligence of the plaintiff.

*Judgment affirmed.*

### Following Reargument

**Per Curiam.** The plaintiff upon reargument claims that the Court has failed to take into consideration the following factors: (1) that the time and date of the plaintiff's presence on the defendants' premises was established with reasonable definiteness by the telephone call mentioned in the main opinion; (2) that there was a long established custom on the part of the plaintiff, when visiting the defendants' home, to enter without knocking; and (3) that it was the duty of the defendants to anticipate the presence of the plaintiff and warn her of the conditions then existing.

The law does not require a host to warn his guest of a condition that the guest cannot reasonably be expected to encounter. *Scheibel* v. *Lipton*, 156 Ohio St. 308, 102 N.E. 2d 453, 464. The custom of the plaintiff had been to enter, without knocking, the front door of the premises formerly occupied by the defendants. The ordinary flight of stairs, upon which she received her injuries, was located in the interior of this new home of the defendants and would not have been encountered by the plaintiff had she followed her claimed custom.

At the time of the telephone call, the defendants' duty to anticipate the visit of the plaintiff did not extend to anticipating an unannounced entry of a house strange to the plaintiff by a side door to the exclusion of the obvious front, or street-side, entrance.

When the plaintiff ventured into the house, as she did, her entry gave rise to a situation of her own making and one against which she gave her host no reasonable opportunity to warn. In these circumstances we think the plaintiff, in claiming that the defendants were guilty of negligence, is seeking to visit her misfortune on those whom she chose not to give a fair chance of averting the accident.

*Let the entry Judgment Affirmed go down.*