■ MICHAELA COVEL, Appellant, v MT. MANSFIELD COMPANY, INC., et al., Respondents. [655 NYS2d 154] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Harris, J.), entered December 21, 1995 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

The parties concede that Vermont law must be applied to resolve this dispute, in which plaintiff seeks to recover for injuries sustained while skiing in Stowe, Vermont, at a resort owned and operated by defendant Mt. Mansfield Company, Inc.* Supreme Court granted defendants' motion for summary judgment, finding that under Vermont law plaintiff accepted the risk created by the foggy conditions she encountered, and which purportedly precipitated her fall on a mogul, and therefore cannot hold defendants liable for her injuries. Plaintiff appeals.

We affirm. The relevant statute provides that "a person who takes part in any sport accepts as a matter of law the dangers that inhere therein insofar as they are obvious and necessary"

---

* Stowe Mountain Resort, the other named defendant, is alleged to be the trade name of the enterprise.

(Vt Stat Annot, tit 12, § 1037). It is plaintiff's contention that Supreme Court erred in finding, as a matter of law, that dense fog on a mountaintop is a danger that is an obvious and necessary adjunct to the sport of skiing.

Ordinarily, the question of whether a particular risk is inherent in a sport must be resolved by the fact finder, after considering whether the available technology is such that the danger could reasonably have been eliminated or prevented (*see, Estate of Frant v Haystack Group*, 162 Vt 11, 20-21, 641 A2d 765, 770-771). Expressed otherwise, the critical inquiry is whether, by the exercise of reasonable prudence, the defendants could have "foreseen and corrected" the danger (*Dillworth v Gambardella*, 970 F2d 1113, 1119; *Nelson v Snowridge, Inc.*, 818 F Supp 80, 83). Nevertheless, if there is no rational view of the evidence that could lead a fact finder to conclude that the danger could or should have been prevented or lessened, summary judgment should be granted (*see, Nelson v Snowridge, Inc., supra*, at 83).

The record evidence establishes the undeniable, i.e., that foggy conditions can develop or abate within a single day and can vary from trail to trail. A ski area operator is not charged with the duty of preventing or warning patrons of such uncontrollable "mutations of nature" (*Wright v Mt. Mansfield Lift*, 96 F Supp 786, 791). Indeed, plaintiff implicitly recognizes that fog is a danger inhering in the sport of skiing, for she concedes that the only way to alleviate the risk would have been to close the trail, i.e., completely refrain from skiing in the area (*cf., Nelson v Snowridge, Inc., supra*, at 83).

Moreover, even if plaintiff were correct in her contention that defendants had a duty to discover and lessen the risk posed by the prevailing weather conditions, summary judgment would nevertheless have been warranted, for plaintiff has failed to tender any proof to buttress her argument that a reasonable ski area operator would have closed the trail in question, as she maintains should have been done by defendants. Nor do her submissions raise any genuine question of fact sufficient to rebut defendants' prima facie showing that she actually assumed the risk posed by the fog (*see, Garafano v Neshobe Beach Club*, 126 Vt 566, 574, 238 A2d 70, 76). In this regard, the evidence discloses that plaintiff—in no way a novice to the sport—was fully aware that visibility on the slopes was limited when she decided to ride the chair lift, having been warned of that fact by a sign posted at the boarding station. In addition, after reaching the top of the mountain, observing the conditions firsthand and noting that she could

not see the depth of the snow or the texture of its surface, she nonetheless chose to ski down a "double black diamond" trail— one which requires expert skiing ability—rather than select a less exacting trail or seek assistance in getting to the bottom in another way. Under these circumstances, no conclusion may be reached but that plaintiff was fully aware of the risk associated with her actions and is solely responsible for the injuries she sustained.

Cardona, P. J., Mikoll and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.