## Sandra MENARD v. Mark and Nancy LAVOIE

[806 A.2d 1004]

No. 01-355

July 8, 2002. Plaintiff Sandra Menard appeals from a superior court decision

granting summary judgment to defendants Mark and Nancy Lavoie. Plaintiff claims issues of fact remain regarding the trial court's determination that a "social guest" relationship existed between the parties. Alternatively, plaintiff argues that this Court should abandon the current status-based standards of landowner liability in favor of a general standard of "reasonable care." Because we find that defendants were not negligent under any standard of care, we affirm.

Defendants own their home, sharing it with Mary Lavoie, the mother of defendant Mark Lavoie. Mary Lavoie originally owned the home with her husband, but sold it to defendants in 1978. Upon purchasing the property, defendants built a garage-apartment where Mary lived until 2001. As part of these renovations, defendants installed a spiral staircase connecting Mary's apartment to the rest of the house. Mary used this staircase while she lived in the garage-apartment. The staircase had guardrails at its top, but did not have railings along its sides.

Sandra Menard is Mary Lavoie's daughter and the sister of Mark Lavoie. Throughout the 20 years that Mary lived in the garage-apartment, plaintiff made annual visits to defendants' home. Plaintiff had used the staircase only once because, as she testified in her deposition, it made her nervous. Instead, she chose to use an alternate staircase in a different part of the house. On September 14, 1999, while visiting her mother, plaintiff chose to descend the spiral staircase. Not watching the stairs, she missed the first step. Plaintiff was not holding on to the railing and fell completely off the stairs. She dropped nine feet to the floor below, breaking her leg. She brought suit in superior court against defendants, seeking damages for her injury. The trial court found that a "social guest" standard of care applied to the situation, which requires a plaintiff to prove affirmative negligence. Finding insufficient evidence

to support this claim, the court granted summary judgment to defendants.

Plaintiff contends that the trial court erred in granting summary judgment because issues of fact remain regarding the relationship between defendants and herself. She argues that the determination of a "social guest" relationship was in error, as Mary Lavoie engaged in a landlord-tenant relationship with defendants. As such, plaintiff argues that she was entitled to be treated as a "business invitee," which imposes a higher standard of "reasonable care" on defendants. See *Ball v. Melsur Corp.*, 161 Vt. 35, 43, 633 A.2d 705, 711 (1993). Alternatively, plaintiff argues that this Court ought to abandon the status-based approach to landowner liability, instead applying the "reasonable care" standard regardless of the parties' relationship. See, e.g., *Mounsey v. Ellard*, 297 N.E.2d 43, 51 (Mass. 1973); see also *Ouellette v. Blanchard*, 364 A.2d 631, 633 (N.H. 1976).

Plaintiff's requested standard would impose a higher duty of care on defendants than the "affirmative negligence" standard used by the trial court. Currently in Vermont, a landowner is liable to a social guest when the guest suffers injury as a result of active or affirmative negligence by the landlord. *Lomberg v. Renner*, 121 Vt. 311, 315, 157 A.2d 222, 225 (1960). A "social guest" is one who enters or remains on land with the consent of the landowner. *Id.* at 314, 157 A.2d at 224. A business invitee, by contrast, enters the land for the purpose of business dealings with the landowner. *Id.* Plaintiff's contention that a landlord-tenant relationship existed between Mary and Mark Lavoie would create a "business invitee" relationship, triggering the "reasonable care" standard. Under this standard, defendants have the added duty of keeping the premises free from unreasonable risks. See *Ball*, 161 Vt. at 43, 633 A.2d at 711. This standard requires that landowners use " 'reasonable care to keep [the] premises in a safe and suitable condition so that the invitee will not be unnecessarily or unreasonably exposed to danger.' " *Seewaldt v. Mount Snow, Ltd.*, 150 Vt. 238, 241, 552 A.2d 1201, 1202 (1988) (internal alterations omitted), quoting *Garafano v. Neshobe Beach Club, Inc.*, 126 Vt. 566, 572, 238 A.2d 70, 75 (1967). Although we have applied this standard in the past to business invitees, see, e.g., *Ball*, 161 Vt. at 43, 633 A.2d at 711, plaintiff would have us apply this standard to all landowner liability cases.

We need not reach the issues of when and whether the business invitee or reasonable care standard applies, as we find that defendants' actions meet even this higher standard. Defendants fulfilled their duty to keep their home free from unreasonable risks. They took steps to insure the safety of the staircase by installing a guardrail at the top of the stairs. As plaintiff admitted in her deposition, this guardrail was within reach as one descended the staircase. The staircase had been in place for 20 years and was used by plaintiff's mother without incident. On September 14, the area was well lit, and there was no allegation that a foreign substance made the stairs more dangerous than usual. There were no hidden defects or risks. Whatever dangers the stairs posed were obvious to any observer, and were well known by plaintiff.

Additionally, we note that the cause of the accident was as much a result of plaintiff's carelessness as any potential negligence by defendants. Plaintiff did not use such care as a person exercising reasonable care would have used in descending a spiral staircase. First, she admits in her deposition that she did not use the available railing. Further, she did not look down at the stairs but was looking "straight ahead" as she stepped off the landing. Finally, despite plaintiff's stated apprehension regarding the spiral staircase, she chose not to use other

stairs that were available for descending to the first floor.

We therefore conclude, as a matter of law, that defendants met the standard of "reasonable care" and summary judgment was appropriate.

*Affirmed.*