**George L. Buzzell and Doris D. Buzzell v. Marie Jones**

[556 A.2d 106]

No. 84-176

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed January 13, 1989

*Robert B. Chimileski*, Newport, for Plaintiffs-Appellees.

*Marc B. Heath* of *Downs Rachlin & Martin*, Burlington, for Defendant-Appellant.

**Allen, C.J.** The defendant appeals from a judgment in favor of plaintiff George Buzzell for injuries he received on defendant's land while fleeing from her dogs.

The defendant lives on a mostly wooded 100 acre parcel of land that is uninhabited except for her home. She owned two dogs, a malamute and a border collie. The former had shown no dangerous tendencies, but the latter had bitten visitors on several occasions.

The plaintiff was a county forester and went to the defendant's property at her request to inspect her woodlot in connection with a federal cost-sharing program. He accompanied defendant through a twenty-acre stand of trees and marked ones that in his opinion should be cut. He recommended that she hire a private forester to do the required work. It was understood that she would inform the plaintiff when the work was completed so that he could inspect the woodlot to certify if it qualified for the cost-sharing program.

The defendant informed the plaintiff's secretary that the work had been completed, and the plaintiff later arrived unannounced at defendant's home to inspect the work. When he was unable to find the defendant, he went alone to the woodlot. Defendant and the two dogs were in another section of the property. When the dogs discovered the plaintiff they barked and ran after him. The border collie bit his left leg and the plaintiff injured his kneecap while attempting to flee the attack.

Two crucial related matters were in dispute at trial. The defendant testified that she warned the plaintiff that her dog would bite and that she told the plaintiff before the first visit that she had to know when he was coming because "she had to put the dog away." She further testified that when she telephoned to advise that the work was ready for inspection she told the plaintiff's secretary that she had to know the exact day and time that the plaintiff was coming so that she could secure the dog before he came. Plaintiff denies being told about either of these matters.

Defendant's first claim is that the trial court erred in refusing to grant her requested instructions that one who exceeds the scope of a limited invitation becomes a trespasser and that a landowner owes no duty to a trespasser other than to refrain from wilfully or wantonly injuring him. The trial court instead charged that the defendant owed a duty of reasonable care to restrain her

dogs and that recovery could be had for negligence defined as the want or lack or ordinary care.

Under our well-established case law, a landowner generally owes no duty or care to a trespasser to protect him from injury caused by unsafe and dangerous conditions on the premises. *Hillier v. Noble*, 142 Vt. 552, 556, 458 A.2d 1101, 1103 (1983). The question presented for our review is whether under the evidence the plaintiff could have been considered a trespasser. One who enters the land of another by invitation is a business invitee if the purpose is one that is of interest or advantage to the occupant. *Garafano v. Neshobe Beach Club, Inc.*, 126 Vt. 566, 572, 238 A.2d 70, 75 (1967). Limitations of place, purpose and time may be tied to the invitation, however, which, if exceeded, would prevent business invitee status or deprive the invitee of that status. See *Sanville v. Williams*, 138 Vt. 498, 501, 418 A.2d 860, 861-62 (1980). Thus, the owner's duty of reasonable care to an invitee extends only to those portions of the premises to which he has been invited and to which the purpose of his visit may reasonably be expected to take him. *Lucas v. Kelley,* 102 Vt. 173, 176, 147 A. 281, 283 (1929). Or, if he "effects an entry for purposes other than . . . for which the permission was granted, or, after entering, engages in activities beyond the scope of his permission, whatever duty may be owed to him comes to an end." *Hillier,* 142 Vt. at 556, 458 A.2d at 1103.

More importantly to this case, limitations of time may be imposed upon the invitation and if they are not complied with or are exceeded, one may not attain the status of an invitee. *Robillard v. Tillotson,* 118 Vt. 294, 299, 108 A.2d 524, 528 (1954); Restatement (Second) of Torts § 170 comment b (1965). In *Robillard,* the plaintiff was injured while on the defendant's premises. Since she entered the premises at the express invitation of her husband, her status could rise no higher than her husband's. The court assumed that he was a "business visitor" when he entered the premises, but concluded that at the time of the injury to his wife he had become, "at most, a mere licensee" because the business for which he had entered the premises had been completed, and his continued presence thereon while awaiting his wife's arrival "was other than the purpose for which he was on the premises as a business visitor." *Robillard,* 118 Vt. at 300, 108 A.2d at 528. A consent given by a possessor of land to another's presence on

land at a specified period of time does not create a privilege to enter at any other time. Restatement (Second) of Torts § 170.

Plaintiff argues that his status as a business visitor should be implied from the permission originally given, particularly in light of defendant's knowledge that plaintiff would be returning to inspect the work. While one may attain the status of a business visitor without an express invitation, see *Cameron* v. *Abatiell*, 127 Vt. 111, 118, 241 A.2d 310, 315 (1968) (police officer on patrol checking for fires and rear doors on defendant's premises is a business invitee), where the invitation is express and is conditioned or limited, the conditions or limitations must be complied with before one can become a business visitor.

We note that other jurisdictions have modified some or all of the traditional distinctions in the duties of care owed to persons entering land. The parties here did not by brief or argument urge any such changes. Accordingly, we decline to address this issue.

Here, the defendant's evidence was sufficient to permit the jury to find that the defendant had limited the invitation by requiring notice to her about when the plaintiff would be inspecting and that such notice was not given. There was a conflict as to the extent of the invitation given, and the court erred in instructing the jury only as to the duty of care owed to the business invitee. Because the instructions were incomplete on a critical issue material to a correct decision, we reverse and remand for a new trial.

Defendant also argues that the trial court erred when it excluded a statement purportedly made to defendant by plaintiff's secretary. Because this issue may arise again on retrial, we address the argument. The statement occurred, according to defendant, during the last of three telephone conversations she had with the secretary. During the first conversation defendant claims she told the secretary that the work was done and plaintiff should make an appointment before visiting her woodlot. During the second conversation defendant purportedly repeated what she had said previously but added that plaintiff should telephone her before visiting so that she would know when to confine her border collie. A third conversation, the one at issue, allegedly occurred after plaintiff's injuries.

Defendant testified that she asked the secretary why plaintiff during his second visit stepped out of his truck when he knew about the border collie. Before defendant could state the secretary's answer, plaintiff's counsel objected that the response was

inadmissible hearsay. Defense counsel insisted that he was offering the statement to show acknowledgment of receipt of a prior warning about the dog, not to prove the truth of the statement. Plaintiff's objection was sustained. Pursuant to V.R.E. 103(a)(2), defendant made an offer of proof: the testimony excluded would have shown that the secretary said plaintiff had forgotten about the dog.

Defendant argues that the trial court erroneously excluded the evidence as hearsay. Plaintiff agrees that the court excluded the evidence as hearsay but contends that the ruling was proper. We conclude that the testimony, as offered, was not hearsay and that the trial judge excluded it under the mistaken belief that it was.

■ Generally, whether evidence is hearsay depends on what its offeror seeks to prove by it. See Reporter's Notes, V.R.E. 801(c). Out-of-court statements offered to establish matters other than the truth of the content of those statements are not hearsay. *State* v. *Mecier,* 145 Vt. 173, 179-80, 488 A.2d 737, 741-42 (1984); see generally Reporter's Notes, V.R.E. 801.

Defendant did not assert that the proffered statement proved that plaintiff forgot about the border collie. Instead, defendant sought merely to show that the secretary made a statement and thereby implicitly acknowledged receipt of a prior warning. "The probative force of the testimony did not depend on the credibility of [the out-of-court declarant], who was not a witness." *Norway* v. *Petit,* 112 Vt. 453, 455, 28 A.2d 380, 382 (1942). Rather, the important question was whether defendant was reporting the statement accurately. Thus, the court erred by excluding the statement as something it was not, hearsay.

We do not deem it necessary to address defendant's third argument as the question raised will probably not arise on retrial.

*Reversed and remanded for a new trial.*