**Donna PETERS, et al. v. STATE of VERMONT**

[636 A.2d 340]

No. 93-004

November 19, 1993. Lawrence Peters died as the result of an accident on Route 125 in East Middlebury, Vermont, on February 3, 1988. His widow, on behalf of herself, the estate, and the minor children, brought a wrongful death action against the State of Vermont, alleging that the State was negligent in the placement of warning signs on the highway. She claimed that the State waived immunity for the negligence under 12 V.S.A. § 5601(a)* of the Vermont Tort Claims Act.

---

* 12 V.S.A. § 5601(a) states, in pertinent part:

(a) The state of Vermont shall be liable for injury to persons or property or loss of life caused by the negligent or wrongful act or omission of an employee of the state while acting within the scope of employment, under the same circumstances, in the same manner and to

The State moved for summary judgment on the ground that placement of warning signs on state highways is a uniquely governmental function for which no private analog exists, and therefore, there was no waiver of sovereign immunity. The trial court agreed and granted summary judgment for the State. Plaintiff moved for reconsideration, which the court denied, and this appeal followed. We reverse.

In reviewing a motion for summary judgment, we use the same standard as that used by the trial court. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. V.R.C.P. 56(c); *State v. Delaney*, 157 Vt. 247, 252, 598 A.2d 138, 141 (1991). Here, the State conceded, for purposes of its motion, that it was negligent in the placement of warning signs on Route 125 and that this negligence caused the death of Lawrence Peters. The issue on appeal, therefore, is whether the State was entitled to judgment as a matter of law.

Plaintiff contends that the facts conceded by the State are comparable to situations where a private citizen may be sued, and therefore, a private analog does exist. We agree. In *LaShay v. Department of Social & Rehabilitation Services*, 160 Vt. 60, 68–69, 625 A.2d 224, 229 (1993), we held that the Department of Social and Rehabilitation Services (SRS) was not immune from liability for negligently placing and supervising a child in foster care. We found that private individuals or entities may also place and supervise children in foster care, and may be liable for negligence "comparable" to that asserted by the plaintiff; therefore, a

---

the same extent as a private person would be liable . . . .

"comparable" cause of action could be brought against SRS. *Id.*; see also *Denis Bail Bonds, Inc. v. State*, 159 Vt. 481, 487, 622 A.2d 495, 498 (1993) ("threshold issue [under 12 V.S.A. § 5601(a)] is whether plaintiff's factual allegations . . . satisfy the necessary elements of a cause of action against the State comparable to one that may be maintained against a private person").

In the present case, too, a private analog exists where plaintiff's claim against the State is comparable to recognized causes of action that may be brought against private persons who own or control roads. See *Department of Hwys. & Pub. Transp. v. Bacon*, 754 S.W.2d 279 281 (Tex. Ct. App. 1988) (in plaintiff's action against state for failing to warn of icy conditions, "[t]he duty owed by the State is the same as the duty owed by a private person to a licensee on private property"); cf. Restatement (Second) of Torts § 342 comment d, illustration 2 (1965) (where A owns road and invites B to drive on that road, A liable for failure to warn B of dangerous condition); *id.* § 367 (private liability for dangerous condition on land appearing to be highway); *Reider v. City of Spring Lake Park*, 480 N.W.2d 662, 667 (Minn. Ct. App. 1992) (church liable for motorcyclist's injuries suffered in striking unmarked barricade because of inadequate signage on private road); *Ridge v. Grimes*, 281 S.E.2d 448, 450 (N.C. Ct. App. 1981) (jury could find that developer, by undertaking to construct road in subdivision knowing public would use it as public road, incurred duty to plaintiff to maintain road in safe condition "and to give adequate warning of any contrary condition"); *Wolfe v. Union Pacific R.R.*, 368 P.2d 622, 625 (Or. 1962) (where plaintiff mistook private road for public road and drove down steep embankment after unmarked sharp left turn, jury could conclude failure to erect warning sign or barricade at curve was negligent conduct); *Baran v. Pagnotti Enterprises, Inc.*, 586 A.2d 978, 983 (Pa. Super. Ct. 1991) (jury question whether owner of private road and stripmine pit exercised reasonable care to warn public of danger, where decedent drove off road into pit).

The State contends that its immunity is waived only if a private individual would be liable under the *"same* circumstances," pointing out that the use of the word "same" in Vermont's statute constitutes a "critical distinction" from the Federal Tort Claims Act. Compare 12 V.S.A. § 5601(a) with 28 U.S.C.A. § 2674 ("The United States shall be liable . . . in the same manner and to the same extent as a private individual under *like* circumstances . . . ." (emphasis added)). In this case, according to the State, the "same circumstances" would require that a private individual negligently place a warning sign on a state road. Since the duty to erect appropriate signs on state roads is conferred on the Agency of Transportation only, 19 V.S.A. § 10(7), private individuals have no authority to place signs thereon and may not be held liable for failing to place them properly. See 23 V.S.A. § 1027 (prohibiting unauthorized signs, signals, or markings on highways).

In support of its argument, the State cites *Indian Towing Co. v. United States*, 350 U.S. 61, 63–64 (1955), wherein the federal government was sued for damages to a barge because of alleged negligent operation of a light-house. The government contended that the statutory term "like circumstances" should be construed as "same circumstances," and that

there could be no liability for activities that private persons do not perform. The United States Supreme Court held, however, that even though the Coast Guard was the only possible operator of a lighthouse, making the operation a "uniquely governmental function," the government was not immune from liability for failing to operate the lighthouse "in a careful manner." *Id.* at 64–65. Thus, *Indian Towing* is of little help to the State's cause. See *Sterling v. Bloom*, 723 P.2d 755, 762 (Idaho 1986) ("*Indian Towing . . .* full well comprehended that the language here concerned created government liability for the same *causes of action* for which private persons would be held liable.") (emphasis in original).

There are, of course, governmental functions for which no private analog exists, and for these the waiver under 12 V.S.A. § 5601(a) will not apply. See *Akutowicz v. United States*, 859 F.2d 1122, 1125 (2d Cir. 1988) ("Without doubt, no private citizen is empowered to certify the loss of American nationality."); *C.P. Chemical Co. v. United States*, 810 F.2d 34, 38 (2d Cir. 1987) (complaint dismissed because government regulation banning particular type of insulation "was a quasi-legislative activity for which we find no private counterpart").

Because we find that the 12 V.S.A. § 5601(a) waiver applies to this case, we need not address plaintiff's argument that the State waived its sovereign immunity under 29 V.S.A. § 1403 as it existed at the time of the accident.

*Reversed and remanded.*