2003 VT 23

## David R. FARNHAM III v. INLAND SEA RESORT PROPERTIES, INC., d/b/a Apple Tree Bay Resort and Campground

[824 A.2d 554]

No. 02-223

¶ 1. February 28, 2003. Plaintiff David Farnham III appeals from an order of the Grand Isle Superior Court granting summary judgment in favor of defendant, Inland Sea Resort Properties, Inc., thus defeating his claims sounding in negligence. Plaintiff was injured in a car accident on defendant's campground and subsequently sued for damages, alleging that: (1) defendant owed and breached its duty to control consumption of alcohol by underage drinkers on its property; and (2) defendant owed and breached its duty to adequately warn of a dangerous curve in the entrance road to defendant's campground. While we affirm summary judgment as to plaintiff's first claim of negligence, we reverse and remand as to the second.

¶ 2. The following facts were undisputed. Defendant owns a large campground, known as Apple Tree Bay Resort and Campground, in South Hero. For a fee, defendant rents individual campsites to members of the public. Those renting a campsite must register and pay the rental fee at the campground's registration desk upon their entrance to the campground. The registration desk closes at 9:00 p.m. However, the entrance and campground road remain open to the public, and no gate blocks access to the campground after 9:00 p.m. To register after-hours, individuals are directed to the home of the campground manager, Rick Abare.

¶ 3. At approximately 1:45 a.m. on August 10, 1996, plaintiff, who was then sixteen-years-old, arrived at a party held on defendant's property. The previous evening, defendant had rented one of its 300 campsites to eighteen-year-old Tonya Horrican, who hosted the party at the site. The party began at approximately 8:00 p.m. with between six and eight individuals under the age of twenty-one in attendance. The party lasted until approximately 2:00 a.m.

¶ 4. Plaintiff remained at the campground for approximately forty-five minutes, where he smoked marijuana, but did not consume alcohol. Plaintiff then asked his friend, Matt Hazen, who had driven plaintiff to the party, for a ride home despite plaintiff's knowledge that Matt Hazen had consumed alcohol that evening. With plaintiff as a passenger, Matt Hazen drove off a sharp curve in the campground road and crashed his car. As a result of the accident, plaintiff sustained injuries. Other than a small speed-limit sign posted near the registration desk, no speed or other signs warning drivers of the sharp curve existed on the campground road at the time of the accident.

¶ 5. Plaintiff sued defendant to recover for his injuries sustained in the car accident. Plaintiff alleged that defendant was negligent in failing to control the underage drinking at the campground, and negligent in its failure to warn of the sharp curve in the campground road. Defendant filed a motion for summary judgment, claiming that the law imposes no duty on landowners who are unaware of underage drinking on their property to prevent that drinking, and that the law imposes no duty upon landowners to warn trespassers of dangerous conditions on their property, or to warn of dangers that are either open, obvious, or known to trespassers. The superior court agreed

with defendant and issued an order, which stated in its entirety that:

> [t]he plaintiff was a trespasser in the defendant's campground at the time of the accident. He went there at about 1 a.m. to attend a party where other teenagers were drinking. He was smoking marijuana. He asked an intoxicated driver to give him a ride home. The driver crashed the car on the way out and the plaintiff was injured. The defendant owed no duty of care to the plaintiff.

Plaintiff filed a motion for reconsideration, which the trial court rejected by finding that "[t]here is no evidence that supports the plaintiff's claims." This appeal followed.

¶ 6. In his appeal to this Court, plaintiff claims that the trial court erred in granting summary judgment to defendant based on its conclusion that plaintiff was a trespasser to whom defendant owed no duty of care. Our review of summary judgment is de novo, and in proceeding with that review, this Court applies the same standard as the trial court. *Springfield Terminal Ry. v. Agency of Transp.*, 174 Vt. 341, 344, 816 A.2d 448, 452 (2002). Summary judgment is appropriate only where, accepting the allegations of the nonmoving party as true, there exist no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Baisley v. Missisquoi Cemetery Ass'n*, 167 Vt. 473, 477, 708 A.2d 924, 926 (1998).

¶ 7. Plaintiff's first claim on appeal is that the trial court erred in determining that defendant did not have a duty to control the underage drinking occurring on the campsite rented by Tonya Horrican, and consequently, no duty to protect plaintiff from the hazards associated with underage drinking. We disagree with plaintiff. Landowners are not liable for the injuries caused by the consumption of alcohol on their property when those landowners were not present during consumption, did not furnish the alcohol, and did not control the alcohol consumed. *Knight v. Rower*, 170 Vt. 96, 102, 742 A.2d 1237, 1242 (1999). Plaintiff does not allege that defendant furnished the alcohol to the underage drinkers at the party. Moreover, plaintiff admitted in his response to defendant's undisputed statement of facts that "[a]t no point in time prior to the accident was camp manager Rick Abare, or any other agent or employee of the campsite, aware of the party or the consumption of alcohol by minors at that party." As a result, the trial court correctly concluded that defendant owed no duty to plaintiff. Defendant did not furnish the alcohol and was, according to the statement of undisputed facts, unaware of both the party and the consumption of alcohol by underage drinkers on its property. Accordingly, we affirm summary judgment on this claim.

¶ 8. Plaintiff also argues on appeal that the trial court incorrectly determined that he was a trespasser to whom defendant owed no duty of care. An action for negligence fails absent a duty of care owed by the defendant to the plaintiff. *Rubin v. Town of Poultney*, 168 Vt. 624, 625, 721 A.2d 504, 506 (1998) (mem.). In Vermont, a landowner owes no duty to protect a trespasser from injury caused by unsafe or dangerous conditions. *Buzzell v. Jones*, 151 Vt. 4, 6, 556 A.2d 106, 108 (1989). The operative question in this appeal is, therefore, whether the trial court was correct in determining that plaintiff unquestionably qualified as a trespasser when he entered defendant's campground. From the record submitted on summary judgment, we cannot conclude that, as a matter of law, plaintiff was a trespasser.

¶ 9. We have maintained the traditional common law approach to landowner liability. See *Menard v. Lavoie*, 174 Vt.

479, 480, 806 A.2d 1004, 1006 (2002) (mem.) (not reaching plaintiff's request to abandon status-based approach to landowner liability); *Baisley*, 167 Vt. at 477, 708 A.2d at 926. Therefore, in this case, plaintiff could have qualified as either an invitee, licensee, or a trespasser when he entered defendant's campground. A trespasser is one who "enters or remains upon land in the possession of another without a privilege to so do created by the possessor's consent or otherwise." Restatement (Second) of Torts § 329 (1965); *Baisley*, 167 Vt. at 478, 708 A.2d at 927. A licensee is one "who is privileged to enter or remain on land only by virtue of the possessor's consent," Restatement (Second) of Torts § 330, and an invitee is:

> (1) . . . either a public invitee or a business visitor.
>
> (2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.
>
> (3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.

*Id.* § 332.

¶ 10. The facts submitted on summary judgment do not conclusively establish that plaintiff was a trespasser; as plaintiff argues on appeal, the facts may establish that he was an invitee. According to the Restatement, those "who go to a hotel to pay social calls upon the guests . . . are business visitors, since it is part of the business of the hotelkeeper . . . to afford the guest . . . such conveniences." *Id.* § 332 cmt. g. There is a genuine issue as to whether those paying social calls upon registered guests at defendant's campground are required to register, or whether defendant allows those individuals to enter the campground freely. While defendant, and apparently the trial court, equate the failure to register with trespasser status, the evidence does not support such a conclusion. If defendant's policy is to allow those individuals visiting one of its registered guests to enter the campground without registering themselves, then plaintiff may qualify as a business invitee, or in the alternative, a licensee. Such statuses would impose a duty of care upon defendant. See *Menard*, 174 Vt. at 480, 806 A.2d at 1006 (landowners owe business invitee a duty of reasonable care to keep premises in safe and suitable condition so that invitee not unnecessarily or unreasonably exposed to danger); *Peters v. State*, 161 Vt. 582, 583, 636 A.2d 340, 341 (1993) (mem.) (citing Restatement (Second) of Torts § 342 cmt. d, illustration 2 for the proposition that a landowner has duty to warn licensees about known dangers that involve an unreasonable risk of harm that licensee will not discover or realize).

¶ 11. While we express no opinion on the duty, if any, defendant owed plaintiff under the circumstances recited here, we find that this case was not ripe for summary judgment. The trial court concluded that plaintiff was a trespasser despite facts in dispute suggesting otherwise. As a result, we reverse the trial court's grant of summary judgment on this issue and remand for further proceedings consistent with this order.

*Affirmed in part and reversed and remanded in part.*