Cobeo v. Estate of Judy Evans, No. S0547-04 CnC (Norton, J., Aug. 31, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                    SUPERIOR COURT
Chittenden County, ss.:                           Docket No. S0547-04 CnC

COBEO

v.

ESTATE OF JUDY EVANS

ENTRY

This is a summary judgment motion for a negligence claim arising out of particularly tragic circumstances. On February 10, 2003, the Vermont State Police found Judy Evans, her partner Eriberto Cobeo, and her son Danford Cross unconscious in Judy's home, victims of carbon

monoxide poisoning.  EMTs who arrived shortly thereafter were able to revive Mr. Cross but could not resuscitate Ms. Evans or Mr. Cobeo, and they were pronounced dead.  Ms. Evans's daughter, Julie Cross, who was at college in Colorado at the time, was named administrator of her mother's estate.  Mr. Cobeo's next of kin, Hector Cobeo, was appointed the administrator of Eriberto Cobeo's estate.  He now seeks damages from Judy Evans estate for the loss of Mr. Cobeo and for any expenses related to Mr. Cobeo's poisoning and subsequent death.  Plaintiff seeks these damages under a theory of negligence that assigns blame for the incident on Judy Evans for her negligent failure to properly maintain the house's furnace, the source of the carbon monoxide.   Ms. Cross has sought summary judgment on this case and renews her motion after six months for additional discovery.

The issue raised by Ms. Cross in her motion is, at least initially, one of premise liability.  The question of what duty Ms. Evans owed to Mr. Cobeo depends on what Mr. Cobeo's status was.  Ms. Cross urges the court to conclude that Mr. Cobeo was a member of the Evans household.  To this end, she submits evidence that Mr. Cobeo lived at the house as a primary residence for 13 years, shared expenses with Ms. Evans, actively participated in raising Ms. Cross and her sibling, shared household financial responsibilities, and even took out a mortgage with Ms. Evans on the house for improvement projects.[1]  Plaintiff does not directly dispute this evidence

---

[1] Ms. Cross establishes much of this evidence through her affidavit. Plaintiff argues that much of this information is inadmissible because it is hearsay.  The court disagrees as Ms. Cross was a firsthand witness to Mr. Cobeo's living habits, watched the parties share expenses, and talk about their commitment.  While her testimony may be hearsay to the details of such facts as the mortgage, which Ms. Cross supports through other documentation, the important and admissible fact is that Mr. Cobeo portrayed himself as a part of the

but notes that Mr. Cobeo never married Ms. Evans and was never added to the house's title.

Vermont has maintained the traditional common law approach to landowner liability. Farnham v. Inland Sea Resort Properties, Inc., 2003 VT 23, at ¶ 9 (mem.); cf. 1 D. Dobbs, The Law of Torts § 237 (2001) (discussing the trend in jurisdictions to abolish the categories of premises liability). As such, it has maintained the distinction in liability between the various categories of trespassers, licensees, and invitees as codified in the Restatement (Second) of Torts. Farnham, 2003 VT 23, ¶ 9 (adopting and applying §§ 329 and 330 of the Restatement); see also Lomberg v. Renner, 121 Vt. 311, 314 (1959). In this case, Plaintiff seeks to portray Mr. Cobeo as an invitee, whose presence on the property was primarily as a benefit to Ms. Evans. This would create a higher duty of care in Ms. Evans to protect Mr. Cobeo from dangerous conditions of which she knew or should have known. Restatement (Second) of Torts § 343. Ms. Cross contends that Mr. Cobeo can only be a licensee as the facts show that he was a member of the Evans household and family.

At a minimum, Ms. Cross's evidence shows that Mr. Cobeo lived continuously and primarily at the Evans house for 13 years. He took an active part in family affairs. He shared expenses and responsibility for the house, but he did not pay "rent" or an equitable equivalent. For all intents and purposes, he acted, and was treated, as Ms. Evans's domestic partner and Mr. and Ms. Cross's step-father. These facts effectively demonstrate that Mr. Cobeo qualifies as a member under either plain meaning of

household to the family and to world and Ms. Evans accepted him as such. Plaintiff while attempting to raise doubts about the factual record does not submit any evidence to the contrary or any that would call into doubt Ms. Cross's assertions. V.R.C.P. 56(e).

household or any further refinement offered by the Restatement. Oxford American Desk Dictionary 2d., at 392 (2001) (defining household as "occupants of a house regarded as a unit"); Restatement (Second) of Torts § 382 cmt. b ("all persons living in the residence of the possessor, as members of his family, guests, or domestic servants.").

The Restatement defines members of a possessor's (landowner's) household, except boarders or paying guests and servants, as licensees. Restatement (Second) of Torts § 330 cmt. h. As licensees, members of the possessor's household are obliged to take the ordinary and prevailing condition of the premises as they find them. Lomberg, 121 Vt. at 315; Restatement (Second) of Torts § 341. The owner's duty is to avoid any affirmative negligence or inflicting intentional harm. 62 Am. Jur. 2d Premises Liability § 159. In other words, Ms. Evans's only duty to Mr. Cobeo as a member of her household was to avoid harming him through her actions and warning him to any known dangers. This may be contrasted with the more constructive duty owed to business invitees, which requires the landowner to protect them from harm of which the owner knows or should have known. E.g., Garafano v. Neshobe Beach Club, 126 Vt. 566, 570–71 (1967) (holding an owner to a higher, more active duty of care for a business invitee that the owner has induced to enter the premises).

Plaintiff raises no facts that would support the inference that Ms. Evans was aware of any problems in the furnace. Her death along with Mr. Cobeo's and the injuries to Mr. Cross bespeak quite the opposite. Thus, Plaintiff cannot establish that Ms. Evans breached her duty to Mr. Cobeo as a licensee in order to establish negligence for the purpose of premise liability. If any negligence possibly attaches to this accident, it could only come from a constructive—should have known—awareness. Under such a duty Ms. Evans would have been responsible to have known about

problems in the furnace. But even under this duty, Plaintiff's evidence is insufficient. He provides no evidence that anyone in the household was aware of problems with the furnace, that the furnace had a history of such malfunctions, or even that it had shown signs which should have alerted Ms. Evans to the impending danger.

Plaintiff also suggests an affirmative duty to clean and maintain the furnace. Notwithstanding the general lack of evidence in the record about the household's maintenance of the furnace, the court is loathe to create a new and specific duty out of whole cloth when the factual record does not compel such an outcome. Langle v. Kurkul, 146 Vt. 513, 519–20 (1986). The record shows that Ms. Evans and Mr. Cobeo shared many of the household duties equally. They shared expenses and chores. They acted as partners. Despite Ms. Evans's title to the property, there is no evidence that she took proprietary control over certain parts of the house or prevented Mr. Cobeo from maintaining and investing in the care of the house. It would be unfair, then, to assign a specific duty for a particular maintenance task to one or the other. The court simply will not hold Ms. Evans to such a standard above Mr. Cobeo. Therefore, Ms. Evans did not owe Mr. Cobeo any specific duty of care to maintain the furnace or otherwise monitor it for undetected dangers.

Based on the foregoing, Defendant Julie Cross's motion for summary judgment is Granted. Case is dismissed.

Dated at Burlington, Vermont_____, 2005.

_____

Judge