BROADHEAD *v.* STONE, CHAIRMAN.

Oct. 27, 1952

No. 38483          5 Adv. S. 12          60 So. 2d 673

*Geo. M. Ethridge, Jr.,* for motion.

*deQuincy V. Sutton,* contra.

HALL, J.

In another suit heretofore decided the appellant herein filed a bill in the Chancery Court of Hinds County against A. H. Stone, Chairman of the State Tax Commis-

sion, and the Sheriff of Clarke County, Mississippi, seeking to enjoin the collection of additional income taxes pursuant to an assessment made by the State Tax Commission, and also seeking the cancellation, as a cloud upon his title to lands and timber in Clarke County, the tax distraint warrant which had been issued by the Tax Commission and enrolled as a judgment lien thereon. The Chancery Court of Hinds County denied the relief sought and dismissed the bill upon its merits.

Upon appeal to this Court, we reversed the decree of the Chancery Court of Hinds County and entered a judgment here specifically holding the above mentioned assessment to be invalid and the distraint warrant issued thereon void and of no effect. For a full history of that proceeding see Broadhead v. Stone, 58 So. 2d 803, and 59 So. 2d 845. That suit was filed on May 30, 1951, and the final decree of the lower court was entered on June 21, 1951, from which the above mentioned appeal was successfully prosecuted by appellant.

On July 11, 1951, while the above appeal was pending, appellant filed another suit against A. H. Stone, Chairman of the State Tax Commission, in the Chancery Court of Clarke County, Mississippi, wherein he sought identically the same relief. An answer and crossbill was filed and embodied therein was a plea of res judicata, the Tax Commission alleging and pleading therein the final decree which had theretofore been entered by the Chancery Court of Hinds County. Appellant insisted upon an early hearing on the plea, which was granted by the Chancellor, and on August 14, 1951, a decree was entered sustaining the plea. From that action this appeal is prosecuted.

Appellee has filed a motion to dismiss the appeal on the ground that the matter had already been adjudicated and determined by this Court on the appeal hereinabove first mentioned, that the appellant has obtained the relief which he there sought and now seeks in the present suit, and that consequently the question is moot. As hereto-

fore stated, we have already held in Cause No. 38271 that the assessment is invalid and that the distraint warrant issued thereon is void and of no effect, and a final judgment to that effect was entered on our minutes on July 17, 1952. A certified copy of that final judgment is all that should be needed to effect a cancellation of the lien of the distraint warrant upon the judgment roll of Clarke County. The whole matter having been litigated and finally adjudicated in the first suit, and the appellant having obtained all the relief that is within our power to grant him, the issue raised by the present suit has become moot.

Identically in point and fully supporting our position is the case of Keely v. Ophir Hill Consol. Mining Co., (CCA 8) 169 F. 601, which was cited with approval and followed by us in Keeton v. Robinson, 144 Miss. 899, 110 So. 839. The motion to dismiss is therefore sustained.

Motion to dismiss appeal sustained.

All the Justices concur.