PAYNE, J.,
for the Court:
PROCEDURAL POSTURE AND ISSUE PRESENTED
¶ 1. This case is before the Court challenging the grant of summary judgment in favor of Colonial Insurance of California (Colonial) against the appellants, Donald and Jane Traylor. After denial of their motion for reconsideration, the Traylors perfected this appeal, alleging that issues of material fact existed as to whether Colonial appropriately denied coverage of their claims, whether the denial of coverage was in bad faith, and whether the Traylors were entitled to punitive damages and attorney’s fees.
¶ 2. Upon review of the record, briefs, and precedents in this matter, we find there were issues of material fact sufficient to defeat summary judgment. Accordingly, we find the trial court in error, and reverse and remand for further action by the trial court as set forth below.
FACTS
¶ 3. This case originates from a third-party complaint filed against Colonial by the Traylors in a suit by a Gulfport automobile repair , company seeking to recover repair costs incurred on the Traylors’ 1993 Cadillac automobile. In that third-party suit, the Traylors alleged that Colonial wrongly denied coverage for the expenses related to the automobile accident that occurred near the New Orleans International Airport on the morning of January 20, 1995. The Traylors maintained that their insurance was in full force and effect at the time of the accident. Colonial, through its agents, after initially agreeing that the claim was covered, later denied coverage on the' following basis: 1) the Traylors’ insurance policy on the automobile in question was month-to-month, and expired on *770 December 30, 1994;[1] 2) the Traylors did not pay the premium for January 1995 during the ten day grace period; thus, their coverage expired and the policy became ineffective as of January 10, 1995; 3) on the morning of the accident, Jane called the Marvin Robinson Agency to inquire about the coverage and did not inform Colonial’s agent about the car accident; and 4) the new policy[2] went into effect at approximate 9:30 a.m. on January 20,1995, after the accident occurred.
¶ 4. The Traylors counter this argument, alleging that they never received notice of the cancellation of the policy, as required by Mississippi law. Further, the Traylors rely on the fact that Colonial’s agents, on numerous occasions, approved coverage. After reviewing the briefs, record, and applicable precedents, we agree that summary judgment was inappropriate. Consequently, we reverse and remand accordingly.
STANDARD OF REVIEW
¶ 5. This Court’s standard of review for summary judgment is well-settled: “The standard for reviewing the granting or the denying of summary judgment is the same standard as is employed by the trial court under Rule 56(c). This Court conducts de novo review of orders granting or denying summary judgment and looks at all the evidentiary matters before it — admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.” Aetna Cas. and Sur. Co. v. Berry, 669 So.2d 56, 70 (Miss.1996) (citing Mantachie Natural Gas v. Miss. Valley Gas Co., 594 So.2d 1170, 1172 (Miss.1992)). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Russell v. Orr, 700 So.2d 619, 622 (Miss.1997); Northern Elec. Co. v. Phillips, 660 So.2d 1278, 1281 (Miss.1995). The burden of showing that no genuine issue of material fact exists lies with the moving party, and we give the benefit of every reasonable doubt to the party against whom summary judgment is sought. Tucker v. Hinds County, 558 So.2d 869, 872 (Miss.1990). We do not try issues. Rather, we only determine whether there are issues to be tried. Townsend v. Estate of Gilbert, 616 So.2d 333, 335 (Miss.1993). Furthermore, it is well-settled that motions for summary judgment are to be viewed with a skeptical eye, and if a trial court should err, it is better to err on the side of denying the motion. Aetna Cas. and Sur. Co., 669 So.2d at 70 (Miss.1996) (citing Ratliff v. Ratliff, 500 So.2d 981, 981 (Miss.1986)). The focal point of our de novo review is on material facts. In defining a “material” fact in the context of summary judgments, the Mississippi Supreme Court has stated that “[t]he presence of fact issues in the record does not per se entitle a party to avoid summary judgment. The court must be convinced that the factual issue is a material one, one that matters in an outcome determinative sense.” Simmons v. Thompson Mach. of Miss., 631 So.2d 798, 801 (Miss.1994) (quoting Shaw v. Burchfield, 481 So.2d 247, 252 (Miss.1985)) (emphasis added).
ANALYSIS AND DISCUSSION OF LAW
I. WHETHER COLONIAL APPROPRIATELY DENIED COVERAGE OF THE TRAYLORS’ CLAIMS?
¶ 6. As their first complaint with the trial court’s order of summary judgment, the Traylors maintain that their insurance coverage never ceased because they were not given notice of termination as required by Mississippi law. Our statutory law is clear:
No notice of cancellation of a policy to which Section 83-11-3 applies shall be effective unless mailed or delivered by the insurer to the named insured at least thirty (30) days prior to the effective date of cancellation; provided, how *771 ever, that where cancellation is for nonpayment of premium at least ten (10) days’ notice of cancellation accompanied by the reason therefor shall be given. Unless the reason accompanies or is included in the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer not less than fifteen (15) days prior to the effective date of cancellation, the insurer will specify the reason for such cancellation. This section shall not apply to nonrenewal.
Miss.Code Ann. § 83-11-5 (1998 Supp.). This statute has been interpreted to create a rebuttable presumption of receipt of cancellation by the insured if the insurer claims to have mailed the notice and has proof of mailing. Carter v. Allstate Indemnity, Co., 592 So.2d 66, 75 (Miss.1991). Further, the Carter court issued the following caution to insurers: “mere mailing of a cancellation notice is not conclusive with regard to whether the insured actually received the notice. Insurers would thus be prudent to take whatever steps are reasonably necessary to ensure that a cancellation notice actually reaches the insured’s last known address.” Id.
¶ 7. In this case, Colonial claims it mailed a notice to the Traylors, and the Traylors maintain they never received the notice. However, aside from the issue of receipt of the cancellation notice, there appears in the record a copy of a notice that Colonial sent to the Traylors’ lienholder, Hancock Bank, as found in Exhibit B of the Third Party Complaint, stating that the Traylors’ policy was canceled. However, this cancellation notice was dated January 11, 1995, and contained a provision, consistent with our statutory law, that the lienholder’s interest would be extended for ten days from the date of the notice. Thus, ten days from January 11, 1995, would be January 21,1995. Therefore, the material issue of fact to be determined by a trial on the merits is whether either policy was in effect at the time of the accident and, if so, which one was in effect and whether that one was lawfully obtained in order that the trial court might determine if Colonial was liable on that policy at the time of the accident in New Orleans on January 20,1995.
¶ 8. A jury question existed as to whether the claims were denied in bad faith by Colonial as well as whether the Traylors were entitled to punitive damages and attorney’s fees with regard to the first policy. While our ruling here in no way should be read as an assessment of the merits of the case, summary judgment was inappropriate and must be reversed.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE TAXED AGAINST THE APPELLEE.
KING, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, AND THOMAS, JJ., CONCUR.
McMILLIN, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J.

. Policy number 237019510

. Policy number 237023056.