PAYNE, J., for the Court:
PROCEDURAL POSTURE AND FACTS
¶ 1. This case is before the Court challenging the grant of summary judgment in favor of the appellees. Aggrieved by the lower court’s judgment, the appellants perfected this appeal challenging the trial court’s granting of summary judgment.
¶ 2. This litigation arose out of a tragic accident involving two all-terrain vehicles (ATV) in Marion County, Mississippi on March 17,1995. Janice (Jan) Cook, Thomas Daniel (Tommy) Cook, Joseph (Joe) Sparkes, Nancy Stringer, and Patrick (Pat) Johnson were riding on two four wheelers on property owned by Johnnie and Peggie Stringer, Nancy’s parents. Nancy and Pat rode on one vehicle, while Jan, Tommy, and Joe rode on the second vehicle.
¶ 3. After a time of riding the ATVs, the two drivers, Nancy and Jan, stopped their vehicles near a storage bin. All agreed that the riding adventure would continue. Nancy instructed Jan to follow her lead across a field; however, Jan took an alternative route. At the point Jan tried to reenter a farm road from the field, there was an approximate one foot deficit between the field and the farm road. As Jan steered the ATV into this drop-off, the *483 ATV began bouncing erratically. Joe was thrown off the rear of the ATV. Tragically, Jan and Tommy were propelled into a tree. Jan suffered serious injures that left her comatose for six months, and young Tommy died from the injuries he received.
¶ 4. Suit was filed by a representative of Jan Cook and by the survivors of Tommy Cook. The lawsuit alleged Jan and Tommy were invitees on the Stringer property and were therefore owed a higher duty of care by the landowners from unforseen harm. Further, the plaintiffs alleged that the Stringers were negligent in not providing safety equipment or operational guidance to Jan prior to allowing her to operate the ATV. The Stringers maintain that Jan’s negligence in failing to follow Nancy’s instructions resulted in Jan’s injuries and Tommy’s death. Further, the Stringers urge that Jan and Tommy were licensees on their property and thus not owed the higher duty of care owed an invitee.
¶ 5. Following discovery, the Stringers filed a motion for summary judgment pursuant to Rule 56(c) of the Mississippi Rules of Civil Procedure. The trial court granted the Stringers’ motion, and this appeal followed.
STANDARD OF REVIEW
¶ 6. Our scope of review for motions for summary judgment is familiar. We conduct a de novo review, utilizing the same standard as does the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. Traylor v. Colonial Ins. Co. of Calif., 738 So.2d 769(¶ 5) (Miss.Ct.App.1999). Further,
A trial court may grant summary judgment ‘if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ M.R.C.P. 56. The summary judgment process usefully focuses the parties and the court on whether there are disputes of relevant fact that need to be tried, or only disputes of relevant law for which there need be no trial.
Brown v. City of Hazlehurst, 741 So.2d 975 (¶ 11) (Miss.Ct.App.1999). In this case, the facts are not in dispute. Jan and Tommy were on the Stringer property as guests of Nancy. Our concern is whether, as a matter of law, Jan and Tommy held the status of invitees or licensees on the Stringer property at the time of the accident.
DISCUSSION
¶ 7. Our standard of review established, we turn now to the merits of the case sub judice. The appellants maintain that, as a matter of law, Jan and Tommy were invitees of the Stringers. “A landowner owes an invitee the duty to keep the premises reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not plain and open to view.” American Nat’l Ins. v. Hogue, 749 So.2d 1254(¶ 11) (Miss.Ct.App.2000) (citing Caruso v. Picayune Pizza Hut, Inc., 598 So.2d 770, 778 (Miss.1992)). The reason for the invitee’s entrance on the property must have been for mutual benefit of the landowners. Id. Indeed, if Jan and Tommy were invitees under the law, summary judgment was inappropriate.
¶ 8. The Stringers maintain that, as a matter of law, Jan and Tommy were licensees on their property at the time of this tragedy and that a lesser duty of care was owed the victims. A licensee is “a person who enters upon the property of another for his own convenience, pleasure or benefit.” Kelley v. Sportsmen’s Speedway, Inc., 224 Miss. 632, 643, 80 So.2d 785, 790 (1955). The entrance onto the property must be by the license or the implied permission of the property owner. Id. A social guest is a licensee. Skelton by Roden v. Twin County Rural Elec. Assoc., 611 So.2d 931, 936 (Miss.1992). A social guest then:
*484 assumes the ordinary risks which are attached to the premises. No exception is made to the rule because of the fact that the guest enters on the host’s express invitation to enjoy his hospitality. A host merely offers his premises for the enjoyment of his guests with the same security which the host and members of his family who reside with him have. Therefore, a social guest injured by defect in the premises may not recover against his host in the absence of evidence establishing something more than ordinary negligence and maintenance of the premises. The guest is permitted to recover only where his injury is the result of active and affirmative negligence of the host.
Raney v. Jennings, 248 Miss. 140, 145, 158 So.2d 715, 717 (1963). Landowners owe a duty to licensees to avoid wanton and wilful injury to the licensee. Skelton by Roden, 611 So.2d at 936. If Jan and Tommy were mere social guests and licensees under the law, then the grant of summary judgment was appropriate.
¶ 9. The tragic circumstances leading to this litigation aside, we agree with the circuit court that, as a matter of law, Jan and Tommy were social guests of Nancy Stringer at the time of the tragic accident. As Jan and Tommy were social guests, they were licensees. As social guests of Nancy Stringer on the Stringer property, the Stringers enjoyed no benefit from Jan’s and Tommy’s presence on the property, and Jan and Tommy were there for their own pleasure and benefit. Therefore, absent proof of wanton or wilful conduct on the part of the Stringers, there is no liability. The appellants presented no such evidence. Jan’s choice to take the ATV she was operating on an alternative route than the one Nancy instructed her to take was Jan’s own decision. Despite the tragic results of Jan’s decision, there is no evidence that the Stringers engaged in any wanton or wilful activity causing Jan’s serious injuries and Tommy’s death.
¶ 10. The judgment as a matter of law in favor of the Stringers is affirmed.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED ONE-HALF TO DAVID AND ZOE ANN COOK AND ONE-HALF TO JANICE K. CONERLY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.