BARNES, J.,
 

 for the Court.
 

 ¶ 1. Diane Evans sued Bonnie Hodge for negligence in the Circuit Court of Hinds County, Mississippi. Evans slipped and fell on Hodge’s doorstep. The trial court granted Hodge’s motion for summary judgment and dismissed the ease with prejudice. Evans now appeals.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On the evening of January 2, 2001, Evans traveled to Hodge’s home in Pocahontas, Mississippi. Evans was delivering mail to Hodge’s sister, Betty Russell, who was temporarily living with Hodge because Russell’s house in Jackson had recently burned down. Russell and Hodge were
 
 *685
 
 college friends of Evans. Russell, who does not drive due to her impaired vision, made arrangements with Evans, her next door neighbor in Jackson, to pick up her mail approximately one time a week. Usually, Hodge drove to Jackson and retrieved Russell’s mail from Evans. On the day at issue, however, for the first time, Evans drove to Hodge’s home to deliver the mail to Russell; Evans believed Russell had received mail she was expecting from an insurance company. Presumably, the mail contained a check to pay for damages arising from the fire. Evans testified in her deposition that Russell, therefore, asked Evans to deliver her mail to Hodge’s home in Pocahontas, and Evans agreed. After giving Russell her mail, Evans chatted with her for a little while, and then Evans left. During Evans’s visit, Hodge was in the front den watching television. Hodge did not get up to let Evans out. As Evans was exiting Hodge’s home, she slipped and fell on a doormat covered with ice and snow located at the entrance to Hodge’s home.
 

 ¶ 3. In July 2001, Evans sued Hodge for negligence, claiming she was an invitee of Hodge. During the discovery phase of the case, in August 2002, Evans filed a motion to find Hodge in contempt because, while Hodge was served a subpoena to be deposed, she failed to appear. Evans claimed Hodge failed to provide medical or psychiatric testimony to support her contention that she was mentally or emotionally unfit to testify for a deposition. In her response to the motion, Hodge attached a letter from her psychiatrist stating she was “not able to withstand the stress of a deposition at this time.” In October 2002, the trial judge entered an agreed order denying Evans’s motion for contempt and holding the matter in abeyance until Hodge was deemed competent by her treating physician to submit to a deposition. Approximately three years later, in September 2005,
 
 [1]
 
 Hodge filed a motion for summary judgment, arguing that Evans was a licensee at the time of the accident. The trial court granted the motion on March 6, 2006, and dismissed Evans’s claim with prejudice.
 

 STANDARD OF REVIEW
 

 ¶ 4. This Court employs a de novo standard when reviewing the trial court’s grant or denial of summary judgment.
 
 Moss v. Batesville Casket Co.,
 
 935 So.2d 393, 398(¶ 15) (Miss.2006) (citing
 
 Stuckey v. Provident Bank,
 
 912 So.2d 859, 864(¶ 8) (Miss.2005)). All evidentiary matters properly before this Court will be examined, including the pleadings, depositions, answers to interrogatories, and affidavits, in order to determine if there is any genuine issue of material fact. M.R.C.P. 56(c). Summary judgment is proper if the record shows there was no genuine issue of any material fact and “the moving party is entitled to a judgment as a matter of law.”
 
 Id.
 
 However, summary judgment should be granted with caution.
 
 Callicutt v. Prof'l Servs. of Potts Camp, Inc.,
 
 974 So.2d 216, 219(¶ 9) (Miss.2007) (citing
 
 Brown v. Credit Ctr., Inc.,
 
 444 So.2d 358, 363 (Miss.1983)). The movant bears the burden of proving that no genuine issue of material fact exists, and the evidence is analyzed in the light most favorable to the non-moving
 
 *686
 
 party.
 
 Moss,
 
 935 So.2d at 398-99 (¶ 16-17).
 

 ANALYSIS
 

 ¶ 5. Evans raises one issue: whether the trial court committed reversible error in granting summary judgment in favor of Hodge. When the non-movant fails to establish the existence of an essential element to its claim, and that party will bear the burden of its proof at trial, summary judgment is mandated.
 
 Smith v. Gilmore Mem’l Hosp., Inc.,
 
 952 So.2d 177, 180(¶ 9) (Miss.2007) (quoting
 
 Wilbourn v. Stennett, Wilkinson & Ward,
 
 687 So.2d 1205, 1214 (Miss.1996)). Evans sued Hodge for negligence; thus, in order for Evans to overcome summary judgment, Evans has the burden of presenting specific facts that establish the existence of the elements of negligence: duty, breach, causation, and damages.
 
 Simpson v. Boyd,
 
 880 So.2d 1047, 1050(¶ 12) (Miss.2004) (citing
 
 Palmer v. Anderson Infirmary Benevolent Ass’n,
 
 656 So.2d 790, 794 (Miss.1995)). In a premises liability case such as this, the analysis proceeds in three steps.
 
 Massey v. Tingle,
 
 867 So.2d 235, 239(¶ 12) (Miss.2004) (citing
 
 Titus v. Williams,
 
 844 So.2d 459, 467(¶ 28) (Miss.2003)). First, the legal status of the injured person must be decided, as the duty of care owed the plaintiff is contingent on this status at the time of injury — that is, whether the injured person is an invitee, licensee, or trespasser. Second, the appropriate duty of care must be determined. Finally, it must be determined whether the landowner breached the duty.
 
 Id.
 

 ¶ 6. The distinction between the legal status at issue here, an invitee and a licensee, has been described by the supreme court as follows:
 

 [A]n invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage. A licensee is one who enters upon the property of another for his own convenience, pleasure, or benefit pursuant to the license or implied permission of the owner....
 

 Corley v. Evans,
 
 835 So.2d 30, 37(¶ 21) (Miss.2003) (quoting
 
 Hoffman v. Planters Gin Co.,
 
 358 So.2d 1008, 1011 (Miss.1978)). Social guests are licensees.
 
 Cook v. Stringer,
 
 764 So.2d 481, 483(¶ 8) (Miss.Ct.App.2000) (citing
 
 Skelton by Roden v. Twin County Rural Elec. Ass’n,
 
 611 So.2d 931, 936 (Miss.1992)). Business visitors are invitees.
 
 Mayfield v. The Hairbender,
 
 903 So.2d 733, 736(¶ 11) (Miss.2005). The level of the duty of care Hodge, the property owner, owed Evans, the injured party, is dependent on Evans’s legal status. A landowner owes the licensee the mere duty to refrain from willful or wanton injury to the licensee.
 
 Cook,
 
 764 So.2d at 484(¶ 8) (citing
 
 Skelton by Roden,
 
 611 So.2d at 936). A landowner owes an invitee the higher standard of keeping “the premises reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not plain and open to view.”
 
 Cook,
 
 764 So.2d at 483(117) (quoting
 
 American Nat’l Life Ins. v. Hogue,
 
 749 So.2d 1254, 1258(¶ 11) (Miss.Ct.App.2000)).
 

 ¶ 7. Evans maintains that there is a genuine issue of material fact regarding whether she was an invitee or a licensee at the time of the accident. She also argues that there was a genuine issue of material fact regarding whether Hodge breached her duty to Evans to warn her about the icy doormat. After carefully examining the record pursuant to our de novo standard of review, we find there is a genuine issue of material fact regarding Evans’s legal status based on the possible legal status of Russell in relation to her living arrangement with Hodge. Specifically, if
 
 *687
 
 Russell is found to be an invitee of Hodge, this determination will impact Evans’s legal status in relation to Hodge. However, the evidence presented in the record is insufficient to determine the legal status of Russell in relation to Hodge; consequently, we find summary judgment inappropriate at this stage. Further, until Russell’s legal status is determined, and hence Evans’s legal status, the issue of whether Hodge breached the duty of care she owed to Evans cannot be determined.
 

 ¶ 8. Evans’s and Russell’s legal statuses are determined by whether a “mutual advantage” was present and between whom.
 
 See Corley,
 
 835 So.2d at 37(¶21). The supreme court has held that a visitor may be considered an invitee if she comes to the home of another not for business, but for the occupant’s benefit.
 
 Pinnell v. Bates,
 
 888 So.2d 198, 202(¶ 15) (Miss.2002);
 
 see also Hall v. Cagle,
 
 773 So.2d 928, 929(¶5) (Miss.2000) (stating invitee is a person who goes on premises of another by express or implied invitation of the owner or occupant for their mutual advantage). Regarding Evans, the record indicates she was not invited by Hodge — the homeowner and named defendant in this action — but by the third party, Russell, who was temporarily living at Hodge’s residence while her own home was being repaired.
 

 ¶ 9. Although not addressed by either party, we find that Russell could not be an “occupant” of the home so as to be able to confer invitee status upon Evans within the meaning of
 
 Pinnell.
 
 According to Black’s Law Dictionary, an “occupant” is the “[plerson in possession”; “[p]erson having possessory rights, who can control what goes on on premises.”
 
 See
 
 Black’s Law Dictionary, 1078 (6th ed.1990). This definition is in keeping with the Restatement (Second) of Torts which imposes premises liability upon the “possessor of land” — “possessor” meaning a person in occupation of the land “with the intent to control it.” Restatement (Second) of Torts § 328(E) (1965). Therefore, an “occupant” is not merely the person residing on the premises, but one with some type of control over it. The record indicates Russell did not have control over Hodge’s property.
 

 ¶ 10. Regarding how Russell’s status impacts Evans’s status, the Restatement (Second) of Torts explains that the visitor does not have to be upon the property for the sole purpose of the possessor’s business to be considered an “invitee,” but “[t]he visit may be for the convenience or arise out of the necessities of others who are themselves upon the land for such a purpose.” Restatement (Second) of Torts § 332 cmt. (g) (1965).
 
 [2]
 
 Additionally, while members of the possessor’s family are usually deemed licensees, they will be considered invitees if they pay board or give other valuable consideration for their stay on the possessor’s land. Restatement (Second) of Torts § 332 cmt. (i) (1965). We find these comments could be applicable to the instant case. Analyzing the two restatement comments together, Russell could be conferred invitee status due to a possible business relationship with the possessor/landowner, such as if she were paying rent during her stay with Hodge.
 
 *688
 
 Thus, any interactions Russell had with Evans for Russell’s convenience or necessity could confer this same invitee status upon Evans. Neither party has argued this point,
 
 [3]
 
 but we find, based on our de novo review, it determinative regarding the propriety of the grant of the motion for summary judgment.
 

 ¶ 11. We note the record is devoid of evidence regarding whether Russell was paying valuable consideration to Hodge for her stay. In fact, very little discovery had occurred at the time the motion for summary judgment was filed due to the agreed order entered approximately three years earlier in October 2002, which stayed proceedings until Hodge was found mentally competent. The record does not indicate this stay had been lifted when Hodge moved for summary judgment. We find summary judgment inappropriate at this point in the action, as a genuine issue of material fact exists as to Evans’s legal status, and Hodge has not established that she is entitled to judgment as a matter of law.
 

 CONCLUSION
 

 ¶ 12. For the above reasons, we find the trial court erred in granting Hodge’s motion for summary judgment. Therefore, we reverse and remand for further proceedings consistent with this opinion.
 

 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . According to the record, the trial court never lifted the stay and resumed discovery. The agreed order stated Hodge was to provide Evans’s counsel with medical updates as to Hodge's status every three months, but we have no indication in the record this was done. Additionally, in the trial court's docket, there is no record of any activity from the time of the agreed order in October 2002 until Hodge's motion for summary judgment in September 2005.
 

 [2]
 

 . The Restatement cites as an example those "who go to a hotel to pay social calls upon the guests ... are business visitors, since it is part of the business of the hotelkeeper ... to afford the guest ... such conveniences.” Restatement (Second) of Torts § 332 cmt. (g) (1965).
 
 See also Farnham v. Inland Sea Resort Properties, Inc.,
 
 175 Vt. 500, 824 A.2d 554, 558 (2003) (In a premises liability action, a genuine issue of material fact was found regarding legal status of non-registered guests paying social calls to registered guests at defendant’s campground.)
 

 [3]
 

 . The parties argued whether there was an advantage to Hodge by virtue of the delivery of the mail by Evans. Specifically, Evans argued that Hodge was an unintended beneficiary who derived an indirect benefit from Evans’s mail delivery because Hodge, therefore, did not have to drive to Jackson to retrieve Russell's mail from Evans. However, Hodge was under no legal duty to perform this service for her sister, and if benefit to Hodge were the only way invitee status could be conferred upon Evans, we would affirm.