KING, C. J.,
 

 for the Court:
 

 ¶ 1. On January 26, 2005, Morgan and Regina Dignowity filed a complaint for
 
 *1264
 
 specific performance against Konrad Dig-nowity III (Konrad) in his capacity as conservator for the Estate of Ida Dignowity. On September 23, 2005, the chancellor found that this matter had been resolved on November 23, 2004, in chancery cause no. 04-0054 and granted summary judgment in favor of Konrad. Morgan appealed arguing the following issues: (1) whether the chancellor applied the proper legal standard in granting the motion for summary judgment and awarding Konrad attorney’s fees, (2) whether the chancellor’s findings were manifestly wrong or were not supported by credible evidence, and (3) whether the chancellor erred in not allowing Morgan to call a witness who was present in the courtroom at the hearing on the motion for summary judgment. Finding no error, we affirm the judgment of the chancellor.
 

 FACTS
 

 ¶ 2. This case involves a dispute between three of the five children of Konrad Dig-nowity, Jr. (Konrad Jr.) and Ida: Konrad, Gretchen D. McAlexander, and Morgan. Konrad Jr. and Ida were owners of a parcel of real property located at 924 Win-go Road, Byhalia, Marshall County, Mississippi. In 2000, Konrad Jr. died, and Ida’s physical and mental health declined. In 2002, Ida agreed to give Konrad and Gretchen joint power of attorney. On January 23, 2004, Konrad was appointed as Ida’s conservator because Ida was of advanced age, physically incapacitated, and/or mentally weak, and incapable of managing her own property and person.
 

 ¶ 3. On November 23, 2004, the Chancery Court of Marshall County in cause no. 04-0054 entered an agreed order granting the petition for authority to sell real property belonging to Ida. The agreed order acknowledged that Ida was the owner of a parcel of real property known as the “Dig-nowity Real Property,” located in Marshall County, and granted Konrad, her duly appointed conservator, the authority to sell the Dignowity Real Property for not less than the appraised value of $159,000. The order was agreed to and signed by counsel acting on behalf of Morgan and counsel acting on behalf of the conservatorship of Ida. The proceeds from the sale were to be used to pay off an outstanding note at Citizen’s Bank in Byhalia that encumbered the property, and the remaining funds were to be used to provide for Ida’s living expenses.
 

 ¶ 4. On January 26, 2005, Morgan filed a complaint for specific performance of a contract to convey real property in Marshall County. That complaint was filed in chancery court cause no. 05-0049. Morgan alleged that in February 1993 he HAD entered into an oral agreement with his parents, Konrad Jr. and Ida to purchase their property located in Byhalia. The terms of the oral agreement were that Morgan would purchase the house from Konrad Jr. and Ida for $200,000, payable $500 per month with no interest. Morgan testified that he moved into the home in May 1995 and began making payments as agreed. Morgan also stated that in February 1999, he entered into a new oral agreement with Konrad Jr. and Ida. Morgan testified that in the new agreement he would take over the operation of his parents’ liquor store and the outstanding note which encumbered the Dignowity Real Property, and the purchase price of the house would be reduced from $200,000 to $100,000, payable $500 per month with no interest. In support of his argument that there had been an oral agreement between he and Ida, Morgan attached to the complaint an unexecuted land contract — contract for deed dated 2003.
 

 ¶ 5. On February 25, 2005, Konrad filed his answer and a counterclaim. The coun
 
 *1265
 
 terclaim included claims for ejectment, breach of contract, failure to pay rent, attorney's fees, and costs of litigation pursuant to Mississippi Rules of Civil Procedure Rule 11. On June 10, 2005, Konrad filed a motion for summary judgment. In the motion for summary judgment, Konrad argued that the issue then before the chancellor in cause no. 05-0049 had already been decided by the same court in cause no. 04-0054; thus, it was barred by the doctrine of collateral estoppel. A hearing was held on July 28, 2005, on the motion for summary judgment. On September 28, 2005, the chancellor granted summary judgment in favor of Konrad, the conservator of Ida’s estate, dismissing Morgan’s claim for specific performance with prejudice. The chancellor further granted reasonable attorney’s fees and costs for defending this action. The chancellor also directed Konrad to proceed with the sale of the real property for no less than the appraised value as authorized in cause no. 04-0054 and to submit a statement of attorney’s fees and costs associated with defending the lawsuit in cause no. 05-0049. An itemization of attorney’s fees and costs was filed by Konrad on October 28, 2005. But, it was never presented to the chancellor for action.
 

 ¶ 6. After October 28, 2005, the parties took no further action in this cause. On February 12, 2009, an order dismissing the case as stale was filed. The clerk’s docket shows that the order to dismiss was entered on February 12, 2009. Morgan filed a notice of appeal on March 2, 2009.
 

 STANDARD OF REVIEW
 

 ¶ 7. This Court employs a de novo standard of review when reviewing the granting of summary judgment.
 
 Madison v. DeSoto County,
 
 822 So.2d 806, 309 (¶ 15) (Miss.Ct.App.2002). “All evidentiary matters properly before this Court will be examined, including the pleadings, depositions, answers to interrogatories, and affidavits, in order to determine if there is any genuine issue of material fact.”
 
 Evans v. Hodge,
 
 2 So.3d 683, 685 (¶ 4) (Miss.Ct.App.2008) (citing M.R.C.P. 56(c)). Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. “The movant bears the burden of proving that no genuine issue of material fact exists.”
 
 Point S. Land Trust v. Gutierrez,
 
 997 So.2d 967, 975-76 (¶ 21) (Miss.Ct.App.2008). “A material fact is one which resolves any ‘of the issues, properly raised by the parties.’ ”
 
 Id.
 
 But “the evidence is analyzed in the light most favorable to the non-moving party.”
 
 Evans, 2
 
 So.3d at 685-86 (¶ 4).
 

 ANALYSIS
 

 I. Whether the chancellor applied the proper legal standard in granting the motion for summary judgment and in awarding attorney’s fees and whether the chancellor’s findings were manifestly wrony or were not supported by credible evidence.
 

 ¶ 8. Morgan contends that the chancellor applied the wrong legal standard in granting the motion for summary judgment and attorney’s fees in favor of Konrad and dismissing his complaint for specific performance. Morgan asserts that there are genuine issues of material fact that deserve a full trial on the merits. Although Morgan testified at the summary-judgment hearing that he did not have a written contract for the purchase of the property as required by the statute of frauds, Morgan argues that for more than a decade his parents honored the oral agreement that he would purchase the Dignowity Real Property for $100,000,
 
 *1266
 
 payable $500 per month interest free and assume the portion of the note for the liquor store that encumbered the Dignowity Real Property.
 

 ¶ 9. Konrad claims that this complaint for specific performance is barred by collateral estoppel. Konrad asserts that this issue was resolved by an agreed order in cause no. 04-0054, which explicitly held that Ida owned the property; Morgan was a month-to-month tenant; and the Dig-nowity Real Property was to be sold for not less than the appraised value of $159,000. The agreed order as entered by the chancellor in cause no. 04-0054 provided:
 

 THIS matter came on for hearing on Friday, October 22, 2004, on petition of Konrad E. Dignowity, III, Conservator of the person and property of Ida J. Dignowity, and the Court, having been advised that the parties agree to the terms of this Order, does find as follows:
 

 1. The Ward, Ida J. Dignowity, is presently residing at 276 N. Red Banks Road, Red Banks, Mississippi, 38861, and is physically and/or mentally incapable of managing her own person and property.
 

 2. Ida J. Dignowity is the owner of a parcel of real property located in Marshall County, Mississippi (the “Dignowity Real Property”), and described more specifically in the metes and bounds description attached to the Amended Petition as Exhibit A.
 

 3. The Dignowity Real Property is encumbered by a deed of trust which secures a Promissory Note held by Citizen’s Bank in Byhalia, Mississippi. As of October 21, 2004, the payoff on said Note was $42,496.62.
 

 4. There are insufficient funds available to Ida J. Dignowity to pay the outstanding Note and other living expenses and therefore the Dignowity Real Property should be sold to satisfy the same.
 

 5. Morgan Dignowity is currently living on the premises of the Dignowity Real Property as a month-to-month tenant, as defined by Miss.Code Ann. § 89-8-19 and the Residential Lease Agreement between the parties.
 

 6. The Dignowity Real Property has a fair market value of at least $159,000, having been appraised for that amount. A copy of the Appraisal is attached to the Amended Petition as Exhibit F.
 

 7. Konrad E. Dignowity, III, P.O. Box 1423, Byhalia, MS 38611; Gretchen Dignowity McAlexander, 318 N. Red Banks Rd., Red Banks, MS 38661; Dana Dignowity Armstrong, 394 Wildwood Rd., Holly Springs, MS 38635; Morgan Dignowity, 924 Wingo Rd., Byhalia, MS 38611 appeared at the October 22, 2004 hearing and Maximillion Dignowity, 287 Quinn Rd., Byhalia, MS 38611 was served with notice of the hearing.
 

 8. The Court finding no objection to the relief sought, grants Konrad E. Dig-nowity, III, as Conservator of the person and property of Ida J. Dignowity, authority to sell the Dignowity Real Property for not less than the appraised value of $159,000.
 

 IT IS HEREBY ORDERED AND ADJUDGED, that this Court grants authority to Petitioner, Konrad E. Dignowity, III, duly appointed Conservator of the person and property of Ida J. Dig-nowity, to sell, on behalf of Ida J. Dig-nowity, the Dignowity Real Property for not less than the appraised value of $159,000.
 

 ORDERED, ADJUDGED AND DECREED, this the 23rd day of November, 2004.
 

 (Signature)
 

 CHANCELLOR (Glenn Alderson)
 

 
 *1267
 
 AGREED:
 

 (Signature)
 

 J. Wayne Doss, Attorney for the Conservatorship of Ida J. Dignowity
 

 (Signature)
 

 Collier Carlton, Attorney for Morgan Dignowity
 

 ¶ 10. Morgan’s argument that the chancellor applied the wrong legal standard in granting -summary judgment is without merit. “A trial court may grant summary judgment where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.”
 
 Smith v. Jackson State Univ.,
 
 995 So.2d 88, 90 (¶ 7) (Miss.2008). The chancellor is bound to review the evidence in the light most favorable to the non-moving party.
 
 HeartSouth, PLLC v. Boyd,
 
 865 So.2d 1095, 1101 (¶ 14) (Miss.2003). Morgan does not state in his brief what he considered to be the appropriate legal standard that the chancellor should have applied in granting summary judgment and awarding attorney’s fees. Pursuant to Mississippi Rule of Appellate Procedure 28(a)(6), an “argument shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.” The standard of review which this Court applies to the grant of summary judgment is de novo.
 
 Braidfoot v. William Carey Coll.,
 
 793 So.2d 642, 649 (¶ 18) (Miss.Ct.App.2000). This Court reviews the entire record on appeal and, thus, makes an independent determination as to whether summary judgment was warranted.
 
 Id.
 
 Summary judgment was appropriate in this case. The agreed order entered in cause no. 04-0054, to which Morgan was a party, noted no claim or interest in the Dignowity Real Property by Morgan, except as a month-to-month tenant. Additionally, Morgan agreed that his mother’s real property should be sold for not less than its appraised value of $159,000. This order was agreed on and executed by Morgan’s attorney acting on his behalf on November 23, 2004. Therefore, ownership of the Dignowity Real Property and the authority to sell the property was resolved by an agreed court order entered on November 23, 2004, in cause no. 04-0054. “This whole matter having been litigated and finally adjudicated in the first suit, ... the issue raised by the present suit [is] moot.”
 
 Broadhead v. Stone,
 
 215 Miss. 232, 234, 60 So.2d 637, 638 (1952).
 

 ¶ 11. Any claimed right of Morgan to purchase the Dignowity Real Property should have been asserted in chancery cause no. 04-0054. The chancellor appropriately found that the failure of Morgan to pursue his claim for specific performance in cause no. 04-0054 collaterally es-topped him from asserting the claim in cause no. 05-0049. “Under the doctrine of collateral estoppel, an issue of ultimate fact determined by a former judgment cannot be relitigated between the same parties in a later action.”
 
 Short v. State,
 
 929 So.2d 420, 424 (¶ 12) (Miss.Ct.App.2006). In cause no. 04-0054, Konrad requested authority to sell Ida’s property to accommodate her living expenses and pay her outstanding debt. By agreed order, both Morgan and Konrad agreed that the owner of the real property located at 924 Wingo Road, Byhalia, was Ida and that Konrad should sell the property with the only restriction that it be sold for no less than the appraised value of $159,000. In cause no. 05-0049, Morgan petitioned the court for specific performance of two oral agreements between himself and his parents to require that the aforementioned property be sold to him for $100,000, payable at $500 per month with no interest. The sale of the real property was the same issue the parties addressed in cause no. 04-0054.
 

 
 *1268
 
 ¶ 12. Morgan also questions the standard by which the chancellor found an award of attorney’s fees to be appropriate. In granting summary judgment, the chancellor found an award of attorney’s fees was appropriate. He directed that Konrad submit proof of his attorney’s fees. Konrad filed documentation of his attorney’s fees, but he never presented the matter to the chancellor. Matters not presented to the court for disposition are waived.
 
 Bryant Const. Co., Inc. v. Cook Const. Co., Inc.,
 
 518 So.2d 625, 632 (Miss.1987). On February 12, 2009, this action was dismissed for lack of prosecution and, thereby, dismissed all unresolved claims. There was an unresolved claim for attorney’s fees raised by Konrad. Konrad has not appealed the dismissal of this claim for attorney’s fees, nor has he sought to have it reinstated. The dismissal of Konrad’s claim for attorney’s fees makes this issue moot.
 

 ¶ 13. Because there were no genuine issues of facts to be resolved in this case, the chancellor acted properly in granting summary judgment.
 

 II. Whether the chancellor erred in not allowing Morgan to call a witness who was present in the courtroom during the hearing on the motion for summary judgment.
 

 ¶ 14. Morgan contends that the chancellor erred in not allowing Ida, who was present in the courtroom the day of the hearing on the motion for summary judgment, to be called to the witness stand as she was a competent witness who had specific knowledge of the facts at issue. Morgan argues that according to Mississippi Rule of Evidence 601, every person is competent to be a witness and that the exceptions listed in Rule 601 are not applicable here.
 

 ¶ 15. Because the issue upon which summary judgment was requested this cause had been resolved in cause no. 04-0054, thereby making summary judgment appropriate, Morgan’s argument that the chancellor erred in not allowing him to call a witness who was present in the courtroom during the hearing is moot.
 

 ¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF MARSHALL COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. BARNES AND CARLTON, JJ., NOT PARTICIPATING.